## John Hirschfield, Plaintiff in Error, v. The People of the State of Illinois, Defendant in Error.

### Gen. No. 7,893.

1. SEARCHES AND SEIZURES—*sufficiency of complaint to support warrant for search and arrest.* A verified complaint wherein affiant averred that he had just and reasonable grounds to believe and did believe that intoxicating liquor was unlawfully kept for sale in a building occupied by the defendant as a residence and stating as reasons for such belief that certain unnamed persons had made affidavit that they had purchased such liquors at such place, but failed to charge defendant or any other person with keeping or concealing such liquor in such place, was insufficient to support a warrant for the search of defendant's premises and the arrest of any person found in possession of such liquor therein.

2. CRIMINAL PROCEDURE—*when motion to quash search warrant improperly denied in prosecution for unlawful possession and sale of intoxicating liquors.* Where before the commencement of the

trial, in a prosecution for unlawful possession and illegal sale of intoxicating liquor, defendant moved to quash a search warrant and writ under which certain intoxicating liquors had been seized while in his possession and for a return of the seized articles, on the ground that the complaint was insufficient to support such warrant, the court should have granted the motion notwithstanding the matters therein referred to as grounds for investigation were not verified, the insufficiency of the complaint appearing upon its face.

3.   Criminal procedure—*intoxicating liquors seized under unlawfully issued search warrant as evidence in prosecution for unlawful possession and sale.* Intoxicating liquors seized while in the possession of one charged with unlawful possession and sale of such liquors, but under a search warrant issued upon an insufficient warrant, are not admissible as evidence against him, and their admission is ground for reversal of a judgment of conviction.

Error by plaintiff to the Circuit Court of Champaign county; the Hon. Franklin H. Boggs, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed July 1, 1926.

L. R. Herrick, F. T. Carson and H. A. Barr, for plaintiff in error.

Roy R. Cline, State's Attorney, and G. C. Hodson, Assistant State's Attorney, for defendant in error.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

The plaintiff in error, John Hirschfield, was convicted on the second and third counts of an indictment charging him respectively with unlawful possession of intoxicating liquors, and with illegal sale of intoxicating liquor, and he was sentenced to pay a fine of $1,000 under each count; also to serve a term of 60 days' imprisonment in the county jail under the third count.   This writ of error is prosecuted from the judgment of conviction.

The record discloses that, prior to the indictment, and in connection with the prosecution of the plaintiff in error for the alleged criminal offenses of un-

lawful possession and illegal sale of intoxicating liquor, John Gray, sheriff of Champaign county, on the 26th day of November, 1924, made a complaint before a police magistrate in the city of Urbana for a search warrant, and a search warrant was issued upon this complaint and put into the hands of a deputy sheriff to execute, who, in connection with another deputy sheriff, went to the residence of plaintiff in error and searched his residence, and, according to the return on the search warrant, seized the following articles: "One half-gallon glass bottle, with a small quantity of white liquor. One half-gallon glass bottle. Necks and stoppers of three pint bottles which had contained liquor." It also appears that, during the progress of the search and seizure proceedings conducted by the officers under the search warrant, the officers handcuffed the plaintiff in error in order to conduct the proceedings more successfully. The articles obtained by the search and seizure proceedings were used on the trial as evidence of guilt against the plaintiff in error, over his objection. Before the commencement of the trial of the plaintiff in error, he made a motion to quash the search warrant and writ, and for an order of court directing a return of the property seized. The court, however, on the ground that the motion was not made in apt time, refused to investigate the legality of the search and seizure under the complaint and warrant, and overruled the motion. It is insisted as additional reason for overruling the motion that the matters referred to in the motion as grounds for the investigation were not verified. Inasmuch as the matters referred to were questions of the legal sufficiency of the complaint and warrant, and appeared on the face of the complaint and warrant, such verification was not necessary. The complaint referred to is as follows:

"State of Illinois, } ss.
"Champaign County. }

"The complaint and affidavit of John Gray, of Urbana, made before U. G. Martin, one of the Justices of Peace in and for said county on this, the 7th day of November, A. D. 192....., who, being first duly sworn, upon his oath says: That he has just and reasonable grounds to believe, and does believe, that intoxicating liquor is now unlawfully kept for sale, to wit, at and within a certain building that is the residence property located at 208 South Third street and occupied by one John Hirschfield in the City (city, village or town) of Champaign in the county and state aforesaid, and that the following are the reasons for his belief, to wit: Certain persons, whose names are not disclosed at this time, have made affidavit that they have purchased intoxicating liquor at the above-named address of the above-named John Hirschfield within the past six months.

"Wherefore he prays that a search warrant may issue according to law.

"John Gray,
(Signature of complainant.)

"Subscribed and sworn to before me this 26th day of November, A. D. 1924.

"U. G. Martin.

"(Name of officer.)

"Justice of the Peace.

"(Official title of officer.)"

Upon the complaint a general warrant was issued as follows:

"To John Gray, Sheriff in and for Champaign County—Greeting:

"Whereas, a complaint was this day made, in writing, verified by affidavits of John Gray, to the undersigned, a Justice of Peace in and for said county (county, city or village as the case may be), stating that said complainant has just and reasonable grounds to

believe and does believe that intoxicating liquor is now unlawfully kept for sale, to wit, at and within a certain building, that is, the residence property located at 208 South Third street and occupied by John Hirschfield, in the City of Champaign in the county and state aforesaid, and from the facts upon which such belief is based, as set forth in said complaint, the undersigned is satisfied that there is reasonable cause for such belief.

"We, therefore, command you, in the name of the People of the State of Illinois, taking with you the necessary and proper assistance, in the daytime to forthwith enter the said building, hereinabove described, and make diligent and careful search for intoxicating liquor and any mash, still or other property hereinabove described and seize and bring any and all intoxicating liquor there found and all vessels containing the same, and all property, implements, furniture and vehicles kept or used for the purpose of violating or with which to violate any law of this state there found, and any and all persons in whose possession they are found, forthwith before me at my office in Urbana, or before some other Judge or Justice of the Peace having cognizance of the case, to be dealt with according to law.

"Given under my hand and seal at my office this 26th day of November, 1924.

"(Signed)    U. G. Martin,
(SEAL)                  "Justice of the Peace."

As appears from the above complaint, the affiant avers that he had just and reasonable grounds to believe, and did believe, that intoxicating liquor was unlawfully kept for sale at and within the building which was the residence of the plaintiff in error, but it does not charge the plaintiff in error with keeping the intoxicating liquor in his residence for the purposes of illegal sale; nor does the complaint aver who was keeping intoxicating liquor in plaintiff in error's resi-

dence; nor who was concealing it. The reasons given in the complaint, for the affiant's belief that intoxicating liquor was unlawfully kept for sale in the premises of the plaintiff in error, are stated to be that certain persons made affidavit that they purchased intoxicating liquor at the address of the plaintiff in error within six months. The complaint does not inform the magistrate who the persons were that made the affidavit, nor when the affidavit was made, nor before what official it was made, nor from whom the persons referred to purchased the liquor. The averments in the complaint are vague and clearly insufficient to show definitely that a criminal offense was committed or who committed the offense. What was said in *People v. Elias,* 316 Ill. 376, is pertinent and applicable to the present case. The court, in commenting on the illegality of the search and seizure proceedings directed against Anton Elias, in that case said:

"The complaint filed in this case does not charge that Anton Elias, or any other person, has committed a crime. It merely states that the affiant believes that intoxicating liquors are to be found in the building occupied, owned or controlled by Elias. The fact that Elias owned the building and that intoxicating liquor was kept in it would not subject him to the penalties of the law unless the liquors were kept there with his knowledge for some prohibited purpose. Notwithstanding the failure of the complaint to charge any person with a crime, a general warrant was issued on the filing of the complaint, directing the sheriff to arrest any and all persons found in the premises in the event intoxicating liquor was found there. It was such general warrants issued by the officers of the Crown of England that caused the American people to demand that the Federal Constitution specifically prohibit the issuance of a warrant except 'upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the per-

sons or things to be seized.' '' It is also pointed out
in the *Elias* case, that: ''The verified complaint must
state the facts on which the complainant bases his be-
lief that the articles sought to be seized are concealed
by the accused, with sufficient definiteness that if it is
false perjury may be assigned on the affidavit.'' And
in *People v. Prall,* 314 Ill. 518, the court pointed out
that: ''Whether there is probable cause for issuing
the warrant is a judicial question, to be determined by
the magistrate before whom the complaint is made.
The testimony on which the magistrate acts must be
reduced to writing, incorporated in a form of com-
plaint and verified by affidavit. This complaint must
state the facts constituting the crime and the facts on
which the complainant bases his belief that the articles
sought to be seized are concealed by the defendant,
with sufficient definiteness, so that, if it is false, per-
jury may be assigned on the affidavit.'' It is clear
from these citations that the search and seizure pro-
ceedings instituted against the plaintiff in error were
illegal, and an unwarranted invasion of his constitu-
tional rights; and that therefore the motion to quash
the search warrant and return thereon should have
been sustained, and a return of the property seized
ordered. It was held in *People v. Brocamp,* 307 Ill.
448, that the question of an unlawful search and sei-
zure is properly raised before the trial, and that the
court should investigate and determine the question
of whether the articles involved were obtained by
unlawful search and seizure. In the same case the
court held, concerning the proper time for the appli-
cation for investigation of the legality of a search
warrant, ''that the defendant should make timely ap-
plication to the court, before the beginning of the trial,
for an order directing the return to the applicant of
the property or of the papers unlawfully seized, and
that on such an application the question of the legality
of the seizure must be fully heard, and if the court

erroneously refuses to order such return, and thereafter receives the property in evidence against the applicant over his objection, it is an error for which a judgment of conviction must be reversed.''

For the reasons stated, judgment is reversed and cause remanded.

*Reversed and remanded.*