Gerard v. The People.

JOSEPH GERARD, plaintiff in error, v. THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Rock Island.*

Where a prisoner has been indicted and found guilty, by the verdict of a jury, if the judgment is arrested, even for an insufficient cause, and the defendant discharged, he has not been legally in jeopardy, and he cannot plead the conviction in bar to a subsequent indictment.

(1) R. L. 473; Gale's Stat. 513.          (2) R. L. 93; Gale's Stat. 71.

*Semble,* That in a criminal case, a defendant cannot assign for error a decision of the Court made at his instance, and with his consent, except in a case where jurisdiction is attempted to be conferred by consent.

THIS cause was heard in the Court below, before the Hon. Thomas C. Browne.

S. T. LOGAN, for the plaintiff in error.

J. LAMBORN, Attorney General, for the defendants in error.

TREAT, Justice, delivered the opinion of the Court:

It appears from the record in this case, that at the September term, 1840, of the Rock Island Circuit Court, Gerard, the plaintiff in error, was indicted for the murder of one Mayhew. He was arraigned and pleaded not guilty; was tried; and the jury found him guilty of manslaughter, and sentenced him to one year's imprisonment in the penitentiary. He then moved in arrest of judgment, and the Court arrested the judgment, and discharged him, for the reason, as stated in the record, that the jury imposed no fine on the defendant.

At the May term, 1841, Gerard was indicted for manslaughter, committed on the person of the same Mayhew. Upon his arraignment, he pleaded in bar the conviction for manslaughter on the former indictment, setting out the arrest of the judgment, and the discharge of the defendant, and averring that the former indictment was valid, and that both indictments were for the same offence. To this plea the people demurred, and the Court sustained the demurrer. Gerard then pleaded not guilty, was tried, and found guilty of manslaughter, and sentenced to three years' confinement in the penitentiary. The decision of the Court, in sustaining the demurrer to the plea, is now assigned for error.

It is contended, that as the first indictment was valid, and the judgment was arrested on an improper ground, the conviction was a bar to any further prosecution for the same offence.

The law is well settled, that where a man is indicted for an offence, and is tried and acquitted, that he cannot be afterwards indicted for the same offence, if the first indictment was valid, and such that he could lawfully have been convicted on it. And this because of the principle that he shall be but once put in jeopardy for the same offence. If, however, the first indictment was materially defective, the former prosecution is no bar to a subsequent indictment, because the defendant was never legally in jeopardy. Upon the same principle, a former conviction is a bar to a subsequent prosecution for the same offence; but where the conviction was on an invalid indictment, and the prisoner has neither received sentence, nor prayed the benefit of clergy, he cannot plead the former conviction in bar, for he has not legally been put in jeopardy.

Where, also, the judgment has been arrested, the proceedings

set aside, and the defendant discharged, he has not been legally in peril, and he cannot plead the arrest in bar to a subsequent indictment. (1) It is true that these authorities seem to be restricted to cases where the judgment is arrested for some defect in the indictment, but we can see no good reason for the distinction.

In this case, the first indictment was valid, and the Court arrested the judgment for an insufficient cause, the imposition of the fine being a duty the law has devolved on the Court, and not on the jury. The effect of arresting the judgment is the same to the defendant, whether the indictment is good or bad. All the proceedings are set aside, and the defendant discharged, and the prosecution necessarily goes for nothing. The people are not entitled to a writ of error, and the defendant can in no possible contingency be again called upon to answer to the first prosecution. The judgment is arrested on his motion, and the result would be the same as if the indictment were decided to be bad, on a motion to quash, or on demurrer. In civil cases, parties are never permitted to assign for error decisions of the Court, made at their instance, or with their consent; and we are aware of no good reason why the rule should not be applied to criminal cases, except in cases where jurisdiction is sought to be conferred on the Court by consent.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1) 1 Chit. Crim. Law 664; 4 Blac. Com. 375; 13 Johns. 351.