(No. 15580.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARION ENSOR, Plaintiff in Error.

*Opinion filed December 19, 1923—Rehearing denied Feb. 7, 1924.*

1. CRIMINAL LAW—*what necessary to convict of receiving stolen property.* Before there can be a conviction for receiving stolen property it must be shown that the property has, in fact, been stolen by a person other than the defendant, that the defendant actually received the property stolen or aided in concealing it, that he knew that the property was stolen at the time he received it, and that he received it for his own gain or to prevent the owner from again possessing it.

2. SAME—*when conviction of receiving stolen property cannot stand.* Where the defendant is indicted for burglary, larceny and receiving stolen property and the State has *nolled* all the counts except the one charging receiving stolen property, a judgment of conviction must be reversed where there is no evidence that the defendant received the property from anyone, and the only presumption that can properly be drawn from the evidence as to the defendant is that he stole the property, and not that he received it after it was stolen by another.

3. SAME—*when evidence of another larceny is not admissible to prove receipt of stolen property.* In a prosecution for receiving stolen property, evidence that the defendant committed a larceny not connected with the offense charged is not admissible.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding.

GEORGE W. SPRENGER, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ERNEST J. GALBRAITH, State's Attorney, VIRGIL L. BLANDING, and REN L. THURMAN, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Marion Ensor and Charles Bour were charged by an indictment returned at the March term, 1923, of the circuit court of Peoria county, with burglary, larceny and receiv-

ing stolen property. At the conclusion of all the evidence
the State *nolled* all the counts excepting the one charging
receiving stolen property. Both were convicted on this
count, and Ensor prosecutes this writ of error to reverse
the judgment of conviction.

George Flora owned a Ford sedan which he kept in a
garage some distance from his home in Peoria. Satur-
day, January 27, 1923, he loaned his automobile to a man
known by him as "Cheesal." He knew that this man lived
in Peoria and had seen his house, but he did not know his
name nor his street address. Cheesal returned to Flora the
key to the garage and reported to him that he had returned
the automobile. The following Monday Flora discovered
that the automobile was not in the garage, and on Wednes-
day he found it in a public garage at Glasford, in Peoria
county. He went to Glasford with a deputy sheriff after
Ensor and Bour had been arrested in the garage where the
automobile was found. The motor number had been filed
off recently and dies for cutting new numbers were found
in a bag near the sedan. Plaintiff in error denied all knowl-
edge of the larceny of the car, denied that the car was in
his possession, and claimed that he called at the garage to
see the owner on business having no connection with the
automobile in question. Cheesal did not testify and there
is no competent evidence in the record that he returned the
car to Flora's garage.

Before there can be a conviction for receiving stolen
property it must be shown (1) that the property has, in
fact, been stolen by a person other than the one charged
with receiving it; (2) that the one charged with receiving
it has actually received the property stolen or aided in con-
cealing it; (3) that the receiver knew that the property
was stolen at the time he received it; and (4) that he
received the property for his own gain or to prevent the
owner from again possessing it. Granting that the evidence

justifies the conclusion that the automobile in question was, in fact, stolen and that it was found shortly thereafter in the possession of plaintiff in error, the presumption against plaintiff in error would be that he stole it himself. One person cannot be both the thief and the receiver of the stolen property. He cannot receive stolen property from himself. This record is entirely barren of any proof that plaintiff in error received the automobile in question from another person. There being no evidence in the record showing plaintiff in error guilty of the crime for which he has been convicted, the conviction cannot stand.

In his opening statement to the jury the State's attorney related, over the objection of plaintiff in error, facts which indicated that he had stolen another automobile from the streets of Peoria a few days before Flora missed his automobile. On the trial, evidence of all the facts in the possession of the State's attorney regarding this second larceny was received. It was apparent from the time the State's attorney made his opening statement to the conclusion of the trial that if plaintiff in error was guilty of any offense it was the offense of larceny. If the evidence proved anything it proved that he had stolen both automobiles. There was never at any time anything said by the State's attorney in his opening statement or proven by the evidence offered by him on the trial that showed that plaintiff in error received either of these automobiles from another person. It is elementary that evidence of a larceny wholly disconnected with the offense charged is not admissible, for the reason that it does not tend to establish the fact in controversy. *People* v. *Spaulding,* 309 Ill. 292.

The judgment is reversed.          *Judgment reversed.*