(No. 29433.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT L. HARRIS, Plaintiff in Error.

*Opinion filed September 18, 1946.*

LOUIS L. GOULD, and STEPHEN LEE, both of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and C. D. PEMBERTON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

An indictment, consisting of four counts, returned to the criminal court of Cook county in June, 1945, charged defendant, Robert L. Harris, with larceny of an automobile, receiving stolen property knowing it to have been stolen, the theft of an automobile of the value of $2200, and unauthorized tampering and meddling with a motor vehicle. On a trial, without a jury, defendant was adjudged guilty of the crime charged in the second count, that is, of receiving an automobile knowing it to have been stolen. He was sentenced to the penitentiary for a term of not less than three nor more than seven years.

Defendant contends the second count is fatally defective in that it does not charge defendant knew the automobile had been stolen when he received it. The further allegations of count 2 show that Thomas Pass owned the automobile, and the allegation in reference to knowledge

of the prior theft was that "Thomas Pass then and there well knowing said motor vehicle to have been feloniously stolen," etc. Defendant did not move to quash the indictment or any count thereof. If the exception now taken goes merely to the form and does not affect the real merits of the offense charged in the count, then under section 9 of division X of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 719,) the objection should be deemed to have been waived. But before a conviction may be sustained, there must be an indictment or information which charges a crime. This is jurisdictional, and the failure of a defendant to move to quash the indictment before he pleads will not constitute a waiver of the jurisdictional defect. *People v. Minto,* 318 Ill. 293; *People* v. *Wallace,* 316 Ill. 120; *People* v. *Pilewski,* 295 Ill. 58.

The essential elements of the crime of receiving stolen property as prescribed by section 239 of division I of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 492,) are: (1) that the property has, in fact, been stolen by a person other than the one charged with receiving it; (2) that the one charged with receiving it had actually received the property stolen or aided in concealing it; (3) that the receiver knew that the property was stolen at the time he received it; and (4) that he received the property for his own gain or to prevent the owner from again possessing it. *People* v. *Dalke,* 336 Ill. 446; *People* v. *Prall,* 314 Ill. 518; *People* v. *Ensor,* 310 Ill. 483.

Section 6 of division X of the Criminal Code (Ill. Rev. Stat. 1945, chap. 38, par. 716,) directs that every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury. It has been held that where the statutory definition of a crime includes the intent with which the act was committed as an element of the offense,

it is necessary that the intent should be alleged. In *McCutcheon* v. *People,* 69 Ill. 601, it was said: "Where the intent is mentioned as an element of the offense created by a law, it ought to be alleged; but where it is silent as to motive, no intent need be averred in the indictment." No sound distinction may be made as to such requirement of pleading between the stating of a crime where intent is an element of the offense and a crime where knowledge of a prior theft is an essential element. The allegation that Thomas Pass possessed knowledge of the theft of the car cannot be construed as having the effect of an allegation that defendant had knowledge that the automobile had been stolen. Without such an allegation, count 2 did not set forth a crime as defined by statute.

Counsel for the People have cited cases such as *People* v. *Vinci,* 369 Ill. 563, and *People* v. *Glassberg,* 326 Ill. 379, to sustain their contention that the allegations of count 2 were sufficient to charge a criminal offense. Those cases are distinguishable from this on the points previously discussed.

The evidence in this case is insufficient to sustain the conviction. On behalf of the People it was proved that Thomas Pass owned a Chrysler automobile, which on the morning of June 12, 1945, he parked near his place of business at 2535 South State street, in Chicago. Two hours later he discovered that the automobile was gone and he notified the police of its disappearance. A police officer of the city testified that just prior to entering his period of service, beginning at 12:01 on the morning of June 13, he was given a description of the automobiles which had been stolen during the previous shift. The Chrysler, a blue convertible coupe, was included in the list. About 2:30 A.M., when he and a fellow officer were cruising in the vicinity of Thirty-fifth street and Calumet avenue, they observed an automobile of such description. They

followed it until it was parked in front of a tavern on Indiana avenue. The officer testified that defendant was driving the automobile when he first saw it, and that when it was parked on Indiana avenue the defendant alighted therefrom and went into the tavern. The officer followed defendant into the tavern and after a few minutes defendant left the tavern and approached the car. When he was ready to open the door, the officer seized him and asked if it was his car, to which he replied in the negative. When arrested defendant had in his possession a short piece of rubber hose, which it is said was suitable for siphoning gasoline from a tank on an automobile. He also had keys which unlocked the ignition on the Chrysler car, and other small articles readily adapted for working locks on automobiles.

The defendant related a story as to how he came into possession of the rubber hose lying in a vacant lot and took it without intending to use it to siphon gasoline from tanks on automobiles. He testified he found the keys near the tavern entrance and the other articles in his possession he used in making rubber stamps, cameos and other carved trinkets. He testified he could not drive an automobile, that he had never been in the Chrysler car, and that he did not see the car standing in front of the tavern.

Before there can be a conviction for receiving stolen property the evidence must show, beyond a reasonable doubt, that the property has, in fact, been stolen by a person other than the one charged with receiving the property. *People* v. *Dalke,* 336 Ill. 446.

In *People* v. *Ensor,* 310 Ill. 483, it was said: "Granting that the evidence justifies the conclusion that the automobile in question was, in fact, stolen and that it was found shortly thereafter in the possession of plaintiff in error, the presumption against plaintiff in error would be that he stole it himself. One person cannot be both the

330

thief and the receiver of the stolen property. He cannot receive stolen property from himself." *People* v. *Prall,* 314 Ill. 518.

There is no evidence that any person other than defendant had anything to do with the automobile after the owner parked it at his place of business. There was but one transaction covered by the evidence as having occurred after it was parked, and that was defendant's possession and driving it on the street as testified to by the police officer. His possession and operation were consistent with his theft of the car. Defendant may have been proved guilty of some crime, but not of receiving stolen property knowing it to have been stolen.

For the reasons assigned, the judgment of the criminal court is reversed.

*Judgment reversed.*