People of the State of Illinois, Appellant, v. Joseph A. Handibode, Appellee.

Gen. Nos. 49,740, 49,741.

First District, Fourth Division.
November 13, 1964.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Thompson, Assistant State's Attorneys, of counsel), for appellant.

No brief filed for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

These two appeals, which have been consolidated, involve (1) a discharge of defendant after the allowance of a motion in arrest of judgment on a charge of drunken driving and (2) the quashing of a second information * based on the same charge of drunken driving.

In the first case, after a bench trial and a finding of guilty, defendant moved in arrest of judgment on the ground that the copy of the complaint given defendant "did not have Section 47 UART." We infer the purport of this motion to be that a crime was not charged. However, the original complaint did contain the additional language "driving a motor vehicle while under the influence of intoxicating beverages."

Defendant in the trial court ** relied on the case of People v. Stringfield, 37 Ill App2d 344, 185 NE2d 381, where the court held void an information which charged the defendant with "driving under the influence." In that case an affidavit was filed alleging that after the post-trial motion was heard, a rubber stamp bearing the words "driving a motor vehicle while under the influence of intoxicating liquor" was imprinted on the original complaint. The court ordered the stamped words stricken and held the original information void.

---

* Mun Ct No 63 MC 525155–Appellate Ct No 49740.
** Defendant did not file a brief in this court.

In the instant case there was no claim that the original complaint did not charge a crime but only that the copy furnished defendant lacked the necessary language. However, the trial court sustained defendant's motion in arrest of judgment and discharged him.

An appeal was taken by the State under the provision of Rule 27(4) of the Supreme Court of Illinois (Ill Rev Stats 1963, c 110, § 101.27(4)) which states:

> In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing an indictment, information or complaint; arresting judgment because of a defective indictment, information or complaint; . . .

In Collins v. People, 194 Ill 506, it was urged that the copy of the indictment furnished defendant was defective and not a true copy. The court, at page 512, held:

> . . . they have not pointed out what right he was deprived of, nor have they shown, or attempted to show, that he was in any manner injured or his defense in any degree impaired thereby. . . .

█ Since defendant has not shown deprivation of any rights or how his defense was impaired or that he was prejudiced, the judgment in Appellate Court No 49741 * is reversed and the cause remanded with directions to overrule the motion in arrest of judgment, to enter judgment upon the finding of guilty and to sentence defendant.

█ After the court discharged defendant, a new information was filed and was quashed on the ground

---

* Municipal Court of Chicago No V–997–511.

that it was barred by the prior adjudication. A discharge on a motion in arrest does not estop the filing of a new information against the accused since defendant waives his claim to double jeopardy by that motion. Gerard v. People, 4 Ill 362; Bedee v. People, 73 Ill 320. The judgment in Appellate Court No 49740 is reversed and the cause remanded with directions to dismiss the information.

Reversed and remanded with directions.

ENGLISH, P. J. and McCORMICK, J., concur.