The People of the State of Illinois, Plaintiff-Appellee, *v.* Charles H. Malone, *et al.*, Defendants-Appellants.

(Nos. 71-17, 71—22 cons.;

Fifth District—October 26, 1971.

Robert H. Rath, and Ralph W. Choisser, of Harrisburg, for appellants.

John Holland, State's Attorney, of Albion, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendants, Charles H. Malone and Edward Harry Abbott, were jointly tried before a jury in the Circuit Court of Edwards County on separate informations charging each defendant with theft in violation of section 16—1(a) of the Criminal Code, and possessing stolen property knowing it to have been stolen by another in violation of section 16—1(d)(1) of the Criminal Code. At the close of the State's evidence the trial court granted motions for directed verdicts as to both defendants on the theft charges. Neither defendant offered any evidence and the cases were submitted to the jury on possessing stolen property only. Verdicts of guilty were returned against both defendants and each was sentenced to the penitentiary for not less than three nor more than five years.

In separate appeals consolidated here both defendants contend that they were not proven guilty beyond a reasonable doubt, that neither the value nor ownership of the property was proven; and as to defendant Abbott, it is contended that he was a mere passenger in the truck in which the alleged stolen property was found and that possession was not proved nor can it be inferred in him.

The evidence was confusing but for the purposes of this opinion it may be summarized as follows. Sometime prior to August 14, 1970, approximately 35,000 lbs. of copper wire were stolen from the lines of the Illinois Central Railroad strung on poles running parallel to its tracks in Edwards County. The wire was snipped off between poles and consisted of 70 spans, each span weighing about 5½ lbs. and approximately 170 to 175 feet in length. It was estimated that the value of the wire was 80-85 cents per pound. In addition there was evidence that some 26 spans of the same type of wire were stolen from the lines of the railroad in Williamson County. This theft was not discovered until August 28, 1970, and the actual dates of the thefts in both counties were not known. It was assumed it had been stolen on numerous occasions over a period of a year.

Both defendants were arrested on August 27, 1970, by an Edwards County deputy sheriff who recognized the truck of defendant Malone as similar to one reported by a farmer as having been seen near the site of the theft in Edwards County about three weeks previously. The truck was a camper type driven by Malone with defendant Abbott in the front seat as a passenger. The camper was locked and on obtaining the key from Malone a number of items were discovered including 15 rolls of copper wire, a push cart with flange wheels fitting the gauge of the railroad track, an axe, tree trimmers and a tool box. Nine samples of wire were snipped from different rolls in the truck and were submitted to the Illinois Crime Laboratory for comparison with wire ends from the poles in both Edwards and Williamson Counties. It was determined that one of the tree trimmers found in the truck had been used to cut two of the wire samples from Williamson County and one of the sample wires from the rolls in Malone's truck. No determination could be made as to any of the other wire samples. It was undisputed that the wire itself was a common wire used throughout the country for telephone and telegraph lines and was not distinctive in any way.

It is well to note first that the issue of whether the defendants actually stole the wire is not before us since the trial court directed a verdict for defendants on that count. The sole issue is whether defendants were proven guilty beyond a reasonable doubt of violating section 16—1(d)(1) of the Criminal Code which makes it a crime "* * * to obtain control over stolen property knowing the property to have been stolen by another * * *."

■■■ The State bases its entire case on the principle cited in *People v. Reynolds*, 27 Ill.2d 523, that evidence of recent, exclusive and unexplained possession of stolen property by an accused, either singly or jointly with others, may, of itself, raise an inference of guilt, absent other facts and

circumstances which leave in the mind of the jury a reasonable doubt as to guilt. We find this principle is not applicable in this case to either defendant. First as to the defendant Abbott, who was merely shown to be a passenger in the truck, Reynolds itself recognizes that joint possession does not necessarily follow from the fact that one is riding in a vehicle in which stolen property is found. It calls attention to the particular facts before it, *i.e.*, that the stolen property there filled the whole interior of the car and the defendant passenger was actually sitting on the stolen batteries, and therefore possession could be presumed in him as well as the driver. However, it specifically distinguishes such facts from those in *People v. Evans*, 24 Ill.2d 11, and in so doing approves the principle therein stated that where one is a mere passenger in a car driven and owned by another and stolen property is found in the locked trunk of the car, the passenger cannot be said to be in possession of such stolen property, and such fact constitutes no evidence of the defendant passenger's guilt. In the case now before us the vehicle was a truck owned by the driver who supplied the key to the locked camper in which the alleged stolen property was found. Under such circumstances, and without any further evidence involving Abbott, we find that no guilt can be presumed against him merely because of his status as a passenger.

██ As to defendant Malone we likewise find that the principle set forth in Reynolds is not applicable. There the charge was theft and we agree that recent, exclusive and unexplained possession of stolen property is evidence that the possessor is guilty of the wrongful taking, but it does not follow that he is guilty of the wholly distinct crime of possessing stolen property knowing it to have been stolen by another. (See *People v. DeFilippis*, 34 Ill.2d 129.) Several Illinois cases support this proposition. In *People v. Ensor*, 310 Ill. 483, it is stated that before there can be a conviction for receiving stolen property it must be shown (1) that the property has, in fact, been stolen by a person other than the one charged with receiving it; (2) that the one charged with receiving it has actually received the property stolen or aided in concealing it; (3) that the receiver knew that the property was stolen at the time he received it; and (4) that he received the property for his own gain or to prevent the owner from again possessing it. It further states that possession of recently stolen property raises the presumption that the possessor stole it himself, that he cannot be both the thief and the receiver of stolen property, that he cannot receive stolen property from himself, and it concluded that since the record was barren of any proof that he received the stolen property from another person he cannot be guilty of the crime for which he was convicted. In *People v. Dalke*, 336 Ill. 446, it was held that under the facts in evidence the assumption would be that the

accused stole the property himself and that he was guilty of larceny or burglary, but under the evidence he could not be found guilty of receiving stolen property. In *People v. Grizzle*, 381 Ill. 278, it is stated that unexplained possession of stolen property soon after a theft is evidence that the possessor is guilty of the wrongful taking but not guilty of knowledge that the property had been stolen when the possessor received it. In *People v. Harris*, 394 Ill. 325, the evidence showed only that defendant possessed and operated a stolen car which was consistent with his theft of the car but not of receiving stolen property knowing it to have been stolen.

■■ The record before us parallels the facts of the above cited cases, pointing only to the guilt of defendants as thieves and not to the guilt of possession of stolen property, the crime for which they are convicted. We therefore conclude that defendants were not proved guilty.

The judgments of the Circuit Court of Edwards County as to both defendants are reversed without remandment.

Judgments reversed.

EBERSPACHER and JONES, JJ., concur.