THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD WATTS, Defendant-Appellant.

Fifth District   No. 77-30

Opinion filed November 22, 1977.

Michael J. Rosborough and Robert E. Davison, both of State Appellate Defender's Office, of Mt. Vernon, and Daryl Blue, Jr., law student, for appellant.

K. Scott Wilzbach, State's Attorney, of Salem (Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Harold Watts, was charged in the circuit court of Marion County with theft by receiving stolen property (over $150) in violation of section 16—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)). Following a jury trial, defendant was found guilty as charged and was sentenced to a term of two to six years imprisonment to be served consecutively to another prison sentence. Defendant brings this appeal.

The property in question consisted of four guns. The evidence at trial showed that at 2:30 a.m. on October 30, 1975, Centralia police officer Kenneth Baldridge stopped a Ford station wagon he had observed traveling in excess of the speed limit. Defendant was in the back of the station wagon in a crouched position. Two other persons were in the car, one of whom was the driver. Defendant, however, was the owner of the car. The police officer observed a tool box in the car with a label showing a man's name and an address in Virden. He asked the group if these were their tools and they said no. Defendant then explained that he often picked up tools during the course of his travel and that he did not pay attention to whom they belonged.

The officer then directed the group to the police station where it was later determined that the tools were stolen. The station wagon was impounded and during a subsequent inventory search of the vehicle, the guns in question were found in the spare tire compartment and a pair of wedding rings were found under the torn front seat cover.

At trial the guns were identified as those belonging to Charles Schofield which had been taken during a burglary on October 29, 1975, of Schofield's parent's house. A valuation witness testified that the guns were worth more than $150.

Defendant presented no evidence.

On appeal defendant first argues as he did in the lower court, that the evidence is insufficient to support his conviction for receiving stolen property since, he contends, the State failed to prove that the guns had been stolen by a person other than defendant.

■■ It has long been well established that before there can be a

conviction for receiving stolen property the evidence must show beyond a reasonable doubt that the property had in fact been stolen by a person other than the one charged with receiving the property. (*People v. Malone*, 1 Ill. App. 3d 860, 275 N.E.2d 236; *People v. Harris*, 394 Ill. 325, 68 N.E.2d 728; *People v. Dalke*, 336 Ill. 446, 168 N.E. 258.) In the instant case, the evidence showed that the guns which were worth in excess of $150 had been stolen from a residence on October 29, and were found during the early morning hours of the following day concealed in defendant's station wagon wherein defendant was riding as a passenger. While, as defendant admitted in argument before the trial court, such evidence may be sufficient to prove defendant guilty of stealing the guns himself, it is insufficient to prove that he was a receiver of the stolen guns. As stated in *People v. Ensor*, 310 Ill. 483, 485, 142 N.E. 175: "One person cannot be both the thief and the receiver of the stolen property. He cannot receive stolen property from himself."

The State argues that the jury may reasonably have inferred that the other two people in defendant's car were the ones who had stolen the guns since they and not defendant were in charge of the defendant's car while defendant was only a passenger therein. We find this reasoning to be wholly unpersuasive. Next, the State argues that the unexplained possession of recently stolen property is sufficient to support a conviction for receiving stolen property. Under similar facts, such a proposition was also raised in *People v. Malone*. In reversing Malone's conviction for receiving stolen property this court stated that:

"* * *[R]ecent, exclusive and unexplained possession of stolen property is evidence that the possessor is guilty of the wrongful taking, but it does not follow that he is guilty of the wholly distinct crime of possessing stolen property knowing it to have been stolen by another." (1 Ill. App. 3d 860 at 863, 275 N.E.2d 236, 238.)

We find *Malone* applicable to the case at bar and we find no basis to depart from the reasoning therein.

■■ Lastly, relying on *People v. Morgan*, 40 Ill. App. 3d 711, 352 N.E.2d 444, the State argues that defendant is estopped from challenging his conviction for receiving stolen property because he argued to the jury his guilt of theft.

In *Morgan* the defendant had been charged with robbery. She tendered instructions, which were given, on theft and argued to the jury that they should only find her guilty of theft. The jury obliged her and on appeal from the theft conviction, she contended that theft was not a lesser included offense of robbery. This court in affirming her conviction held that even if error was committed, the defendant was estopped from complaining of it, since such had been invited and secured by her.

We find *Morgan* distinguishable from the case at bar. Here, the

defendant was charged with a violation of section 16—1(d) of the Code and argued to the jury that the evidence only proved a violation of section 16—1(a) which, since it had not been charged, required an acquittal. The jury, however, found the defendant guilty as charged. Unlike *Morgan*, the defendant here had not invited and secured the jury's verdict but had resisted it and had defended against it. Thus defendant cannot now be held to be estopped from complaining of it.

Since we find the record barren of any evidence that defendant received the guns in question from another person, we find that his conviction cannot stand. In light of our holding, we need not consider the remaining contentions raised by defendant. Accordingly, the judgment of the circuit court of Marion County is reversed.

Reversed.

CARTER, P. J., and G. J. MORAN, J., concur.