THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BRADLEY BEAUCHEMIN *et al.*, Defendants-Appellants.

Third District   No. 78-216

Opinion filed April 18, 1979.—Rehearing denied May 17, 1979.

Martin Rudman, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, and Alan Masters, of Argo-Summit, for appellants.

Edward F. Petka, State's Attorney, of Joliet (Terry A. Mertel and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendants Bradley Beauchemin, Roger Taylor, Donald Sanders and Arthur Casteneda appeal from convictions of having received stolen property of a value under $150 in violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)(1)). The

information charging defendants with having received stolen property was filed in Will County, and, in a bench trial in that county, the trial court found all four defendants "guilty as charged." Post-trial motion was denied by the trial court, and defendants were sentenced to the following: imprisonment for Sanders (364 days), Taylor (364 days), and Casteneda (8 months). Beauchemin was sentenced to 1 year of probation. Defendants also filed a motion in arrest of judgment on the ground that the information charged defendants with theft by receiving stolen property and that allegations in the bill of particulars filed by the State specified that three of the four defendants were the original thieves who stole the automobile, which was the subject of the information, and that consequently, the defendants were not tried on a charge that was sufficient to support a conviction, since it charged that defendants were guilty of receiving stolen property and was supported and limited by a bill of particulars which stated that the defendants themselves stole the property. Defendants contend that, consequently, the charge of theft by "receiving" stolen property from themselves was an impossibility, and that the charge was rendered void.

The basic grounds for appeal, as outlined by the defendants, are (1) whether defendants were proven guilty beyond a reasonable doubt, of theft by receiving stolen property; (2) whether the trial court erred in failing to suppress the evidence taken from a garage and truck under the facts in this case, and (3) whether the judgment of the trial court convicting defendants of theft under $150 should have been set aside in response to the motion in arrest of judgment, since defendants were charged in the information with theft by receiving stolen property, where it is alleged in support in the bill of particulars that three of the four defendants were the original thieves, thus creating an impossibility under Illinois law.

All four of the defendants were charged by information with the specific crime of receiving stolen property. The information charged that defendants "* * * knowingly obtained control over certain stolen property * * * under such circumstances as would reasonably induce them to believe the property was stolen, and with the intent to deprive the owner permanently of the use and benefit of said property, in violation of chapter 38, section 16—1(d)(1) of Illinois Revised Statutes, 1975." A bill of particulars, filed by the State in response to defendant's motion stated, in part, that "Roger Taylor, Arthur Casteneda and Donald Sanders obtained and exerted unauthorized control over certain stolen property in that while acting together, they stole a 1977 Chevrolet stationwagon from Richard Ciercierski, drove said stolen property to a garage in Frankfort Township in Will County and dismantled said stolen property."

Defendants filed a pretrial motion to suppress certain evidence seized from a garage leased to the defendant Beauchemin and from a van driven by another of the defendants. The motion was denied.

The record discloses that Richard Ciercierski parked his 1977 blue Chevrolet stationwagon in a parking lot of Republic Steel Corporation in Chicago on the morning of March 11, 1977. At approximately 3:40 p.m., when Ciercierski looked for his automobile, he could not find it. At the trial, Ciercierski identified the car's license plates and bill of sale, as well as certain papers, which were in the automobile glove compartment, as belonging to Ciercierski at the time of the theft.

Defendant Casteneda testified, in the latter part of the trial, that he drove himself and the three other defendants to the area of the Republic Steel Corporation between 9 and 9:30 a.m. on March 11, 1977. He stopped his automobile near the steel mill and permitted Sanders and Taylor to leave and to walk the block and a half to the Republic Steel Corporation parking lot. Casteneda and Beauchemin, he said, remained behind acting as lookouts. Five to eight minutes later, Casteneda said he saw Taylor driving a blue Chevrolet stationwagon. On March 11, 1977, at approximately 4:40 p.m., a police officer saw defendant Taylor drive a 1977 blue Chevrolet stationwagon onto a farm adjacent to Sauk Trail in Frankfort Township, Will County. The police officer obtained the automobile's license number and determined that it had been stolen from Richard Ciercierski. The automobile was driven into a garage on the farm. The garage and the house on the farm were rented to Beauchemin.

From the time the stolen automobile was observed, by the officer, being driven into the garage rented by Beauchemin, until the time of the arrest of all four defendants the next day, the farm was kept under constant police surveillance. On the morning of March 12, certain police officers left the scene in order to secure a search warrant. The warrant was issued at 2:15 p.m. and the officers brought it to the farm at approximately 2:50 p.m.

Between noon and 1 p.m., defendants were arrested, without resistance, in the farm yard adjacent to the garage. At the time of defendants' arrest, the garage door was closed. Defendants testified that a few minutes after their arrest, a police officer opened the garage door and entered the garage. Later, a few other officers entered the garage. Individual defendants said that they saw officers remove a bolt cutter and papers from the garage.

Prior to making the arrest, police had observed defendant Taylor leave the farm in a van. Taylor returned in the van at the time the other three defendants were arrested and Taylor was also placed under arrest. Taylor's van had multiple combination locks on it.

Defendant Beauchemin's wife testified that she saw a police officer

walk out of the garage with bolt cutters at approximately 1:30 p.m. and cut off a lock from the van. All the evidence sought to be suppressed was found in the garage except for the rear clip of the car, which was found in the van. (The "rear clip" is the portion of an automobile from the windshield rearward.) The police officers, on the contrary, testified that although the garage door was opened before the warrant arrived, no one entered the garage until after the warrant arrived. They testified that no evidence was seized until after the search warrant arrived. They also testified that Taylor's van was not opened or unlocked until after the warrant arrived.

At the conclusion of the trial, the trial judge entered an order stating that all four defendants were guilty in the "manner and form set forth in the information and bill of particulars." Defendants principally contend that because they were charged with theft by receiving stolen property in the manner as outlined herein, the State was required to prove that the property, over which defendants obtained control, had been stolen by another. Defendants contend that the failure of the State to prove this essential element is fatal to the State's case and requires reversal.

In view of our disposition of this cause with respect to defendants Taylor, Sanders and Casteneda, we believe that the issue raised as to these three defendants by the motion in arrest of judgment requires the reversal of judgments and sentences imposed upon such three defendants. The defendants were charged with receiving stolen property in an information which is limited and supported by a bill of particulars which recites that the three defendants, Taylor, Sanders and Casteneda, were guilty of the charge of receiving stolen property under subsection (d) referred to by virtue of the fact that they actually stole the automobile in question. No conviction, for receiving the automobile as stolen property, as against such defendants could be maintained by proof as outlined in the bill of particulars. As stated in *People v. Adams* (1st Dist. 1969), 113 Ill. App. 2d 276, 283-84, 252 N.E.2d 65, since the prosecutor has elected to charge and prosecute the three named defendants under subsection (d), simple justice requires that the State be bound to plead and prove the elements of that charge and, under such circumstances, the information supported by bill of particulars is fatally defective for failing to include an element essential under section 16—1(d) referred to.

Section 16—1(d)(1) of the Criminal Code requires that persons convicted under it must have obtained "control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen." The supreme court of this State has held that it is implied that the stolen property referred to in the Act under which defendants were prosecuted is property which has been "stolen by

another." (*People v. Dickerson* (1975), 61 Ill. 2d 580, 582, 338 N.E.2d 184, 185.) A number of cases in this State have indicated that an essential element of the crime described in subsection 16(d) is that there must have been a showing that the automobile was stolen by a party other than the one charged with receiving stolen property over which such defendant has obtained control. See *People v. Weiss* (5th Dist. 1976), 34 Ill. App. 3d 840, 341 N.E.2d 79, where the court stated:

> "*Proof* that the subject property was stolen by a person other than the defendant is an undispensable condition precedent for a conviction of theft based on receipt of stolen goods. * * * It was thus incumbent upon the State to prove that the telephone in question was, in fact, stolen *and* that the defendant knew that the telephone was stolen or received the telephone under such circumstances as would reasonably induce him to believe the telephone was stolen." (34 Ill. App. 3d 840, 842-43.)

Also, the appellate court in *People v. Watts* (5th Dist. 1977), 55 Ill. App. 3d 66, 370 N.E.2d 583, stated (at 55 Ill. App. 3d 66, 67-68):

> "It has long been well established that before there can be a conviction for receiving stolen property the evidence must show beyond a reasonable doubt that the property had in fact been stolen by a person other than the one charged with receiving the property."

As we have noted, the supreme court case of *People v. Dickerson* (1975), 61 Ill. 2d 580, 582, 338 N.E.2d 184, 185, has held that it is implied that stolen property referred to in section 16(d) is property which has been "stolen by another" in a charge of receiving stolen property. The evidence in the cause, offered by defendants, indicated that defendants were actually the ones who stole the automobile.

In response to these cases, the State argues, in the alternative, that either the evidence presented was sufficient to prove a violation of section 16—1(d) or that the evidence proved that a violation of section 16—1(a), and subsections (a) and (d), do not involve separate offenses. It is notable, however, that while the evidence given by defendants clearly established a violation of section 16—1(a) which proscribes knowingly obtaining or exerting unauthorized control over property of the owner in conjunction with the required mental state, the State did not in fact charge the defendants with the violation of section 16—1(a).

The elements of the offense described in subsection (a) are simply obtaining unauthorized control over the property of the owner with intent to deprive the owner permanently of the property. While it is implied under subsection (d) that defendant is obtaining unauthorized control over property of the owner through a theft by another, it is clear that subsection (d) has the additional requirement of receiving that stolen

property from another. Thus, subsection (a) is a lesser included offense of subsection (d) but the reverse is not the case.

In the instant case, defendants could have been convicted of violating section 16—1(a), if they were so charged, even though they were also charged with violating section 16—1(d). Defendants, however, were not convicted of violating section 16—1(a) but rather were found guilty in the "manner and form as set forth in the information and bill of particulars," that is, of violating subsection (d), and included in the bill of particulars that three of the defendants committed the crime of receiving stolen property by actually stealing the car, not receiving it from another.

In *People v. Malone* (5th Dist. 1971), 1 Ill. App. 3d 860, 863, 275 N.E.2d 236, 238, the trial court held that:

"* * * recent, exclusive and unexplained possession of stolen property is evidence that the possessor is guilty of the wrongful taking, but it does not follow that he is guilty of the wholly distinct crime of possessing stolen property knowing it to have been stolen by another."

Under the precedents (*People v. Weiss* (5th Dist. 1976), 34 Ill. App. 3d 840, 341 N.E.2d 79; *People v. Watts* (5th Dist. 1977), 55 Ill. App. 3d 66, 370 N.E.2d 583; *People v. Horton* (1st Dist. 1970), 126 Ill. App. 2d 401, 261 N.E.2d 693), the State could not sustain the charge that defendants had received stolen property from a third person, since there is a charge by the State that three of the four defendants, Taylor, Casteneda and Sanders, were actually the thieves who stole the automobile.

In the case of *People v. Baxa* (1971), 50 Ill. 2d 111, 277 N.E.2d 876, the defendant was charged in the indictment with violating section 16—1(d) of the Criminal Code, of receiving stolen property. In that case, the evidence showed defendant was arrested as a passenger in an automobile which contained 15 cartons of stolen steam irons. In arguing that this evidence was sufficient to establish defendant's guilt beyond a reasonable doubt of subsection (d), the State relied upon the presumption that flows from recent, exclusive, unexplained possession of stolen property. As to this argument, the Supreme Court stated, in reversing defendant's conviction:

"That presumption, when its basic facts have been established, has been held sufficient in itself to permit conviction of larceny. [Citations.] The defendant in this case however, was charged with having 'knowingly obtained unauthorized control of stolen property.' While possession is an element of this offense, knowledge that the property was stolen is also an essential element. Both elements must be proved in order to establish guilt. [Citations.] Knowledge may be established by proof of circumstances that would cause a reasonable man to believe that

the property had been stolen. [Citations.] But possession alone, even if exclusive, is insufficient to establish that a defendant knew that the property was stolen when he received it. [Citations.]" 50 Ill. 2d 111, 114-15.

Similarly, in *People v. De Filippis* (1966), 34 Ill. 2d 129, 136, 214 N.E.2d 897, the supreme court stated:

"* * * proof of recent and unexplained possession of stolen goods is not in itself sufficient to convict one of the crime of receiving stolen goods * * *."

We note, in the case of *People v. Dickerson* (2d Dist. 1974), 21 Ill. App. 3d 977, 316 N.E.2d 519, it was contended that in the use of a charge of a violation of subsection (d), sufficient verbiage would be left in the indictment to sustain a charge under subsection (a). This did not alter the fact that defendant was not charged under subsection (a). The court there stated that there are significant distinctions between the nature and elements of subsections (a) and (d). The court also went on in that case to state:

"Having elected to indict and prosecute defendant under subsection (d), basic justice requires that the State be bound to plead and prove the elements of that charge. We adhere to the majority opinion which found the indictment fatally defective for failing to include an element essential under section 16—1(d): *i.e.*, that the property had been stolen by a person other than the one charged." 21 Ill. App. 3d 977, 983.

■■■ This brings us again to a consideration of the information and the bill of particulars in this cause. As we have noted, defendants were charged with the violation of subsection (d) in that they knowingly obtained control over stolen property under such circumstances as would reasonably induce them to believe the property was stolen. The bill of particulars which was filed by the State in support of that charge, specifically charged that three of the defendants (but not Beauchemin) had stolen the property from its owner. It is clear that the charges in the information and the bill of particulars are inconsistent and that "receiving stolen property" is not shown where the charge (in the bill of particulars) states that the accused three were actually the thieves. Under section 111—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 111—6), at the trial, the State's evidence must be confined to the particulars of the bill. It would mean, in the instant case, that the State would be committed at the trial to presenting evidence which could not support the charge in the information charging violation of subsection (d) and that the entire proceeding would be pointless. A complaint which lacks necessary certainty to charge an offense is void and vulnerable to attack at any time, including appeal. (*People v. Heard* (1970), 47 Ill. 2d

501, 505, 266 N.E.2d 340, 343.) Thus, the trial court could, and should, have dismissed and vacated the convictions and sentences as against Taylor, Sanders and Casteneda, pursuant to the motion in arrest of judgment. It is noted, in this connection, that such action would not prevent the filing of a new charge against these defendants. *People v. Handibode* (1st Dist. 1964), 53 Ill. App. 2d 296, 202 N.E.2d 845.

■ In the instant case, the trial court found defendants guilty "in the manner and form as set forth in the information and bill of particulars." A motion in arrest of judgment asserted that the "charge in this case as read with the bill of particulars stated an impossibility and, therefore, does not charge an offense." Defendants' motion alleged that the information charged defendants with knowingly obtaining control over described stolen property under such circumstances would reasonably induce them to believe the property was stolen in violation of section 16—1(d)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)(1)). The bill of particulars supplied by the State to the defendants charged that defendants Taylor, Casteneda and Sanders obtained and exerted unauthorized control over the same described property by stealing the property. A person could not be shown as a "receiver" of stolen property by virtue of stealing the property. See *People v. Ensor* (1923), 310 Ill. 483, 485; *People v. Watts* (5th Dist. 1977), 55 Ill. App. 3d 66, 370 N.E.2d 583; *People v. Weiss* (5th Dist. 1976), 34 Ill. App. 3d 840, 341 N.E.2d 79.

It is provided in section 116—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 116—2) that a written motion in arrest of judgment shall be filed by defendant within 30 days following the entry of a verdict or finding of guilty. It is also provided that the court shall grant the motion when "(1) the indictment, information or complaint does not charge an offense * * *." The information, by itself, charges an offense of receiving stolen property. The bill of particulars, however, since it limits the proof which can be made by the State, specifies that the thieves were three of the defendants charged with receiving the stolen car. Therefore, the information limited by the bill of particulars, as to such defendants, does not charge an offense of receiving stolen property.

■ A motion in arrest of judgment opens the entire record for examination and reaches any defect apparent therein. (See *People v. Plocar* (1952), 411 Ill. 141, 145-46, 103 N.E.2d 612 (cited under the prior criminal code but effective as a precedent).) It should also be noted that "[a] discharge on a motion in arrest does not estop the filing of a new information against the accused since defendant waives his claim to double jeopardy by that motion. *Gerard v. People*, 4 Ill. 362; *Dee v. People*, 70 Ill. 320." (*People v. Handibode* (1st Dist. 1964), 53 Ill. App. 2d 296, 299, 202 N.E.2d 845, 846.) The trial court's order should, therefore, be reversed as to defendants Taylor, Casteneda and Sanders for the reason

that the information as modified by the bill of particulars failed to charge an offense as to those three defendants.

With regard to defendant Beauchemin, the trial court's order denying a motion in arrest of judgment should be affirmed for the reason that, as to Beauchemin, the information did charge an offense. The bill of particulars did not charge that Beauchemin had stolen the property in question. Therefore, the information charging him with having obtained control over the stolen property under circumstances which would reasonably induce him to believe the property was stolen did charge an offense.

The conviction of defendant Beauchemin should be affirmed. Although defendant Casteneda stated that Beauchemin participated in the original illegal taking of the blue Chevrolet, we note that the trial judge stated he did not believe this testimony but observed that the testimony was only presented to prevent conviction for receiving stolen property.

The State proved defendant Beauchemin guilty of all the elements of the crime with which he was charged. He was charged with knowingly obtaining control over the stolen property under such circumstances as would reasonably induce him to believe that the property was stolen, and that he intended to deprive the owner (of the property) permanently of the car. Beauchemin obtained control over the property on March 11, 1977, when the automobile was observed by a police officer being driven by defendant Taylor onto the farm and into the garage which Beauchemin leased. Beauchemin could be found to have knowingly obtained control over the stolen property when he knew that the stolen property was on his premises. Beauchemin was seen leaving the garage just before his arrest and, therefore, he knew that the stolen property was in the garage. Additionally, Beauchemin was on the premises when the stolen property was placed on his premises or shortly thereafter. Taylor drove the car onto the Beauchemin farm at approximately 4:45 p.m. and Beauchemin was seen leaving the property at 5:45 p.m. The court could have concluded that Beauchemin became aware of the stolen property being on his premises shortly after it was placed there.

Police officers who entered the garage after defendants' arrest testified that they saw four blue car doors leaning on the wall, two automobile motors with numbers drilled out, the Chevrolet's license plate on a workbench, even though this was not the time of year for changing plates, the front fender and grille of the blue Chevrolet detached from the car, and the public vehicle identification number of the car on a workbench. It was apparently a "chop shop" operation. Beauchemin was in the garage prior to his arrest and was obviously aware what was going on inside the garage.

■■ With respect to an issue involving the guilt of Beauchemin, it is

also contended that the trial court erred in denying the motion to suppress the evidence recovered from the garage and from defendant Taylor's van. While the defendants testified to the contrary, police officers testified they did not enter the garage or open the van until the search warrant arrived. When there is conflicting evidence, it is within the discretion of the trier of fact to believe one set of witnesses rather than the other. While the trial court did find that one or more of the police officers did enter the garage before the search warrant had arrived, the judge stated that he found that there was no evidence of any search having been made by anyone prior to the return of officers with the search warrant and that there was no observation made prior to the arrival of the search warrant. The judge noted that the fact that a police officer threw open the garage door, possibly to make sure he would not be shotgunned in the back, or that someone may have entered the garage to get bolt cutters, does not invalidate the search. The decision of the trial court, that defendants had failed to carry the burden of showing how their constitutional rights were violated, will be supported on appeal unless contrary to the manifest weight of the evidence. The conclusion is supported by section 114—12(b) of the Code of Criminal Procedure, which states that the burden of proving that a search and seizure is unlawful is on the defendant (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(b)).

We should note that the trial judge specifically stated that he did not believe the testimony of Casteneda that Beauchemin was with him acting as lookout at the time of the theft. On the basis of the record, therefore, the conviction of Beauchemin and the sentence imposed are affirmed. The convictions and sentences as to defendants Taylor, Sanders and Casteneda are reversed.

Affirmed in part and reversed in part.

STENGEL and SCOTT, JJ., concur.