THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES TELLERY, a/k/a Charley Tellery, Defendant-Appellant.

First District (2nd Division)    No. 79-667

Opinion filed July 29, 1980.

Sam Adam, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Joel A. Eisenstein, and Alphonse R. Tomaso, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DOWNING delivered the opinion of the court:

Defendant, Charles Tellery, was charged in a five-count information with the attempt murder and aggravated battery of Leon Becker, and the armed robbery of both Becker and Ruby Davis. After a jury trial

defendant was found guilty of attempt murder, armed robbery, robbery, and aggravated battery. He was sentenced to two concurrent terms of 10 to 12 years on the attempt murder and armed robbery convictions. On appeal defendant raises the following issues for consideration: (1) whether the offense of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)), as set forth in count II of the information, is unconstitutionally vague; (2) whether count III of the information is defective where it alleges aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(1)) without reference to "bodily harm"; and (3) whether the trial court erred when it refused to instruct the jury on the law regarding inconsistent statements.

On March 5, 1976, at about 10 a.m., five armed men entered Leon Becker's scrap metal warehouse in Chicago, Illinois. One man had a rifle, the second a sword, and two others had pistols. The fifth, who had previously posed as a customer, put a knife to Becker's throat, removed the victim's wallet, and took approximately $300 of Becker's money. While the robbers searched for more loot, Becker made his way to and through the front door of his place of business, and then ran toward a nearby street intersection. He was shot at twice before he could find cover. One bullet struck him in the left arm. The police were subsequently called, and Becker was taken to a hospital. Later that day an occurrence witness aided police in their apprehension of five suspects. Becker's license was recovered from one of the suspects. Each of the suspects was presented in a lineup at the hospital that day. Becker identified each man, including defendant, as one of the offenders.

At trial, Becker again identified defendant as one of the robbers. He also identified the sword, rifle, and pistols used during the armed robbery.[1] Defendant testified that he was not involved in the armed robbery because at the time of its occurrence he had lost consciousness due to his excessive drinking of alcohol and smoking of marijuana. He also testified that a .32-caliber revolver, recovered from the house in which defendant was arrested and subsequently identified by Becker, belonged to defendant's mother. He stated he took the weapon from where his mother kept it and gave it to a local gang to gain gang membership.

During the instruction conference, defense counsel proffered, inter alia, an instruction regarding prior inconsistent statements. It was not tendered to the jury. The jury found defendant guilty of attempt murder, aggravated battery, armed robbery, and robbery of Leon Becker. The

---

[1] After the State presented its evidence, the trial court granted defendant's motion for a directed verdict on count V. That count alleged the armed robbery of Ruby Davis, an elderly woman with cataracts, whose partial blindness prevented her identification of any suspects.

trial court entered judgment and sentenced defendant on the attempt murder and the armed robbery verdicts.

## I.

■■ ■ Defendant first contends that count II of the information (aggravated battery) is defective because the statute upon which it is based is unconstitutionally vague. Defendant, however, lacks standing to challenge the statutory provision. The general rule regarding standing to challenge the constitutional validity of a criminal statute requires a defendant to bring himself within the class directly aggrieved by the alleged unconstitutionality unless the unconstitutional feature is so pervasive as to render the entire act invalid. (*People v. Mayberry* (1976), 63 Ill. 2d 1, 6, 345 N.E.2d 97, *cert. denied sub nom. Hurley v. Illinois* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87; see also *People v. Bombacino* (1972), 51 Ill. 2d 17, 20, 280 N.E.2d 697, *cert. denied* (1972), 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230.) Here there is no contention that the alleged infirmity renders the entire act invalid. Instead, defendant complains that the provision, "great bodily harm" (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(a)), as applied to this prosecution, is too vague. Defendant's standing, therefore, is dependent upon a showing that he is within the class directly aggrieved by enforcement of the provision. (*People v. Palkes* (1972), 52 Ill. 2d 472, 480-81, 288 N.E.2d 469, *appeal dismissed* (1973), 411 U.S. 923, 36 L. Ed. 2d 386, 93 S. Ct. 1892.) This he cannot do.

Defendant has suffered no direct injury or prejudice resulting from enforcement of the provision. Although the jury was instructed and returned a verdict on the charge of aggravated battery, neither judgment nor sentence was entered on the jury's verdict. Thus, defendant was not convicted under the challenged provision.[2] Nor has he suffered prejudice. (*People v. Lindsay* (1978), 67 Ill. App. 3d 638, 646, 384 N.E.2d 793; but *cf. People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1 (prejudice arises where judgment entered on guilty verdict even though no sentence imposed).) Therefore, defendant lacks standing to challenge the statute.[3]

## II.

■■ ■ Defendant next contends that count III of the information is invalid because it alleges aggravated battery without reference to "bodily

---

[2] " 'Conviction' means a *judgment* of conviction or *sentence entered* upon a plea of guilty or upon a verdict or finding of guilty of an offense ° ° °." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 38, par. 2—5.

[3] Even if defendant were found to have the requisite standing his argument challenging the provision is without merit. See *People v. Caliendo* (1980), 84 Ill. App. 3d 987, 405 N.E.2d 1133.

harm."[4] (See generally *People v. Lutz* (1978), 73 Ill. 2d 204, 213, 383 N.E.2d 171.) Although defendant failed to file either a pretrial or post-trial motion attacking the information, our supreme court has held an information is subject to attack at any time, including appeal, where it allegedly lacks necessary certainty to charge the offense. (*People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340.) The proper remedy for an inadequately framed information is dismissal and vacatur of the convictions and sentences. (See *People v. Beauchemin* (1979), 71 Ill. App. 3d 102, 109, 389 N.E.2d 580, *appeal denied* (1979), 70 Ill. 2d 613.) The instant record, however, shows defendant was neither convicted nor sentenced under this aggravated battery count of the information. Thus, there is nothing to dismiss or vacate. Furthermore, no prejudice has been demonstrated. (See *People v. Lindsay* (1978), 67 Ill. App. 3d 638, 646.) Therefore, the question is moot. See *People v. Redlich* (1949), 402 Ill. 270, 278-79, 83 N.E.2d 736.

### III.

Finally, defendant claims the trial court erred when it refused to tender to the jury an instruction regarding inconsistent statements. Defendant contends Becker's trial testimony was inconsistent with his preliminary hearing testimony and, therefore, tender of Illinois Pattern Jury Instructions, Criminal, No. 3.11 (1968) was required.[5] The purported inconsistency arises from Becker's preliminary hearing testimony where he stated he did not know whether defendant had a "gun" while Becker was surrounded by robbers. During Becker's trial testimony he stated defendant was "armed" during the robbery.

When the trial court denied defendant's proffered instruction, it commented on the witness' cogent use of the word "arms" as follows: "We know only certain [suspects] had guns so when they were asking him did they have guns, they weren't talking about swords or the knife, you see, and that is something when you asked the questions I understood \* \* \*. They were totally different questions. There was no inconsistency."

A prior inconsistent statement may be used to attack the credibility of a witness only if that statement has "the 'reasonable tendency' to discredit the testimony of the witness on a material matter. [Citations.]" (*People v. Alarshi* (1978), 57 Ill. App. 3d 464, 466, 373 N.E.2d 516, *appeal denied* (1978), 71 Ill. 2d 603, *cert. denied* (1978), 439 U.S. 912, 58 L. Ed. 2d

---

[4] The information alleged defendant "committed the offense of aggravated battery in that [he], in committing a battery on Leon Becker, used a deadly weapon \* \* \*."

[5] IPI Criminal No. 3.11 provides: "Evidence that on some former occasion a witness made a statement inconsistent with his testimony in this case, may be considered by you in deciding the weight to be given to the testimony of that witness."

258, 99 S. Ct. 282.) It is elementary that when used in the context of this case, the word "arm" means "weapon." A "gun" is only one type of weapon. Knives and swords are other types. Becker's testimony indicates an appreciation for these definitions. His testimony was not inconsistent. Therefore, the trial court did not abuse its discretion when it refused to tender an instruction on inconsistent statements. Accordingly, the convictions and sentences of the circuit court of Cook County are affirmed.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.