(No. 16207.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT R. PRALL, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. CRIMINAL LAW—*probable cause for search warrant must be determined by magistrate issuing the warrant.* Whether there is probable cause for issuing a search warrant is a judicial question to be determined by the magistrate before whom the complaint is made, and his determination must be based upon the facts stated in the formal written complaint, verified by affidavit.

2. SAME—*what must be stated in complaint for search warrant.* The complaint upon which a search warrant is to be issued must state the facts constituting the crime and the facts on which the complainant bases his belief that the articles sought to be seized are concealed by the defendant, and such facts must be stated with sufficient definiteness so that, if false, perjury may be assigned on the affidavit.

3. SAME—*search warrant for stolen property should definitely describe the property to be seized.* While a minute and detailed description of the property to be seized is not required in a search warrant in the case of stolen property which can be readily described, the constitution requires a description sufficiently particular to identify the articles sought to be seized so that the officer making the search will not seize the wrong property.

4. SAME—*illegal property may be generally described in search warrant.* Where the purpose of a search warrant is not to seize specified property but only property which by reason of its character is contraband or kept for illegal purposes, a description by designating its character is sufficient.

5. SAME—*when general description of property to be seized by search warrant is not sufficient—evidence.* A complaint for the is-

suing of a search warrant which states that certain automobile tires and tubes were stolen and "that a large number of automobile tires and tubes were found lying in the weeds" near the spot where the defendant was arrested is not a sufficiently definite description of the property to authorize search and seizure in the home of the defendant, who was engaged in the taxi business; and tires and tubes found and seized under such warrant are not admissible in evidence.

6. SAME—*when instruction that possession of stolen property is evidence of guilt should not be given.* An instruction that "the exclusive and unexplained possession of stolen property soon after the commission of a theft is *prima facie* evidence of the guilt of the person in whose possession it is found" should not be given where there is no proof that the stolen property was ever in the exclusive possession of the defendant.

7. SAME—*instruction as to possession of stolen property being evidence of guilt should be limited to count for larceny.* Where the indictment charges both larceny and receiving stolen property, an instruction that the exclusive, recent and unexplained possession of the stolen property is "evidence of the guilt of the person in whose possession it is found" should be limited to the count charging larceny, as possession of stolen property is not evidence of knowledge of the defendant, when he received the property, that it was stolen, which is an essential element of the crime of receiving stolen property.

8. SAME—*instruction should not direct verdict of guilty without stating essential elements to be proved.* While every fact is not required to be proved beyond a reasonable doubt to warrant a verdict of guilty certain facts must be so proved, and it is not proper, after advising the jury that every fact need not be proved beyond a reasonable doubt, to direct a verdict of guilty if the jury believe, from the whole evidence, that the defendant is guilty, without informing them what facts must be proved beyond a reasonable doubt to authorize such verdict.

9. SAME—*what must be proved to convict of receiving stolen property.* Before there can be a conviction for receiving stolen property it must be shown that the property has, in fact, been stolen by a person other than the one charged with receiving it, that the defendant actually received the property stolen or aided in concealing it, that he knew that it was stolen when he received it, and that he received it for his own gain or to prevent the owner from again possessing it.

HEARD, J., took no part.

WRIT OF ERROR to the Circuit Court of Stephenson county; the Hon. OSCAR E. HEARD, Judge, presiding.

DOUGLAS PATTISON, and RAY T. LUNEY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHARLES H. GREEN, State's Attorney, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

July 12, 1923, C., M. & St. P. car No. 202587 was loaded at Racine, Wisconsin, by the Ajax Rubber Company with Ajax casings and tubes for shipment to that company at Oklahoma City, Oklahoma. The car arrived in Freeport about 8:00 o'clock A. M. July 14 and was placed on a sidetrack just outside the city limits, where it remained all day. About 7:30 o'clock P. M. a deputy sheriff responded to a call concerning the car and found that the seal had been broken and ten casings removed from the car and thrown into the weeds along the right of way. He concealed himself in the car and shortly thereafter he saw plaintiff in error, Robert R. Prall, and Albert Eberle, walking along the track in the direction of the casings that were lying in the weeds. The deputy sheriff moved his position in the car so that he could see what the two men were doing and in moving made a noise, which attracted the attention of the men, whereupon they turned and walked toward the car and the deputy sheriff placed them under arrest. Plaintiff in error operates a taxi business in the city of Freeport and had driven his automobile to a point on the highway near the railroad crossing and near where the railroad car was standing and had left it there. When the deputy sheriff returned to the car with the two men he found Fred Eberle near by. The three men were taken to the county jail. A search warrant was issued and Prall's house was searched. In the basement

there were found two new Ajax casings and twelve new Ajax tubes. All the men were indicted, the indictment containing counts charging burglary, larceny and receiving stolen property. The State's attorney *nolle prossed* the indictment against Fred Eberle. The other two men were placed on trial, and Albert Eberle was acquitted and plaintiff in error was found guilty of receiving stolen property. This writ of error is prosecuted to review the judgment entered on the verdict.

The first point made is with respect to the action of the court in denying the petition of plaintiff in error to return to him the casings and tubes seized at his home, on the ground that the complaint on which the search warrant issued did not show reasonable cause for issuing the warrant, and on the further ground that the complaint and warrant did not describe particularly the property to be seized.. This court has held that such an inquiry may be made, (*People* v. *Castree*, 311 Ill. 392,) and reference is made to the opinion filed in that case for a discussion of the question.

The complaint is made by the sheriff of the county, who says that a "certain number of automobile tires and tubes" were stolen by Prall and others and that he believes that the stolen goods are concealed in Prall's dwelling house, and that the reasons for said belief are the following: "That a large number of automobile tires and tubes were found lying in the weeds alongside the railroad track of the said company, near a car partly filled with tires and tubes, by a deputy sheriff; that Robert R. Prall at night left his automobile in the highway and went into said weeds and was about to pick up a tire when arrested by deputy sheriff, and was anxious to telephone home."

Section 6 of the bill of rights provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable

cause, supported by affidavit, particularly describing the place to be searched and the persons or things to be seized." Whether there is probable cause for issuing the warrant is a judicial question, to be determined by the magistrate before whom complaint is made. The testimony on which the magistrate acts must be reduced to writing, incorporated in a formal complaint and verified by affidavit. This complaint must state the facts constituting the crime and the facts on which the complainant bases his belief that the articles sought to be seized are concealed by the defendant, with sufficient definiteness, so that, if it is false, perjury may be assigned on the affidavit. *Lippman* v. *People,* 175 Ill. 101; *Myers* v. *People,* 67 id. 503.

The complaint on which the search warrant was issued in this case did not contain a statement of facts, supported by affidavit, which warranted a finding that there was probable cause to believe that stolen property was concealed in the home of plaintiff in error. It is not stated in the complaint that the automobile tires found lying alongside the railroad track had been stolen from the railroad car nor that there were more tires stolen from the railroad car than were found along the track. In other words, there is no statement in the complaint which furnishes a basis for the conclusion that plaintiff in error had in his home certain tires stolen from this car. The fact that plaintiff in error left his automobile in the highway and walked to the place where these tires were lying in the weeds does not furnish a basis for concluding that tires had been stolen from the railroad car and removed by plaintiff in error to his home.

The most serious defect, however, is the want of particular description of the property sought to be seized. The warrant issued to the sheriff described the property as "certain automobile tires and tubes," and directed the sheriff to search the premises of plaintiff in error for "said stolen goods and chattels." In the case of stolen property which can be readily described, the constitution requires a descrip-

tion sufficiently particular to identify the articles sought to be seized. (*Frost* v. *People,* 193 Ill. 635.) A minute and detailed description of the property to be seized is not required, but the property must be so definitely described that the officer making the search will not seize the wrong property. Where, as in the case of gambling paraphernalia, the purpose is not to seize specified property but only property of a specified character which by reason of its character is contraband, a description by designating its character is sufficient. In this case, however, the property described is "certain automobile tires and tubes," which is property that may be found in great quantities and which is the subject of lawful trade in every city in the United States. There is no effort to identify these tires and tubes by name, number, color, size or material. It is not even stated whether they are new or used. On the hearing on the petition to return the property to plaintiff in error it was shown that the sheriff under this warrant found and seized two Ajax casings bearing serial numbers and twelve new Ajax tubes bearing serial numbers, and that he found, but did not seize, other automobile casings and tubes. There was nothing in the warrant which gave the sheriff information by which he could select certain property within the description in the warrant and refuse to take other property equally well described in the warrant. The warrant was insufficient, and under the authority of *People* v. *Castree, supra,* and *People* v. *Brocamp,* 307 Ill. 448, the property should have been returned to plaintiff in error. The court erred in admitting these casings and tubes in evidence.

There is another reason why it was error to receive in evidence the twelve tubes. No witness identified these tubes as the property of the Ajax Rubber Company or as tubes that had been placed in the railroad car and stolen therefrom. The same may be said of the two casings found on the premises of plaintiff in error. An employee of the Ajax Rubber Company testified that he loaded into the

car at Racine, Wisconsin, an automobile casing bearing the serial number 726330 and another bearing serial number 725560. The two casings in question bore these serial numbers, but no one testified that the serial number on an automobile casing is a means of identifying it. There is no testimony that serial numbers are not duplicated or that the same serial number is not used in numbering casings on several casings of the same class. No one testified that the two casings described by the witness as being the ones placed in the car by him were ever taken from the car or that they were not in the car when the arrest was made. No witness testified that the two casings seized at the home of plaintiff in error were the same size, color or material as the two casings bearing similar serial numbers that were loaded into the car at Racine.

The court gave to the jury an instruction which stated that "the exclusive and unexplained possession of stolen property soon after the commission of a theft is *prima facie* evidence of the guilt of the person in whose possession it is found." It was error to give this instruction for two reasons: First, the possession of stolen property soon after it is stolen is *prima facie* evidence of guilt only when the possession is exclusive in the accused, and there is no proof in this record that the casings and tubes in question were ever in the exclusive possession of plaintiff in error; second, possession of stolen property is not evidence of knowledge by the accused, when he received the property, that the property was stolen, which is an essential element of the crime of receiving stolen property, and so it was error to give this instruction, under any circumstances, without limiting it to the count charging larceny. *People* v. *Lardner,* 296 Ill. 190.

The following instruction was also given on behalf of the People:

"The jury are instructed that the rule requiring the jury to be satisfied of a defendant's guilt beyond a reasonable

doubt, in order to warrant a conviction, does not require that the jury should be satisfied, beyond a reasonable doubt, of each link in the chain of circumstances relied upon to establish the defendant's guilt. It is sufficient, if, taking the evidence all together, the jury are satisfied, beyond a reasonable doubt, that the defendants are guilty."

In *People* v. *Davis,* 300 Ill. 226, in discussing a sentence similar to the last one in the foregoing instruction, the court said: "This part of the instruction stated no rule of law but directed a verdict of guilty if the jury believed the defendant was guilty, without requiring the finding of any fact and without giving any rule by which they were to be guided in arriving at the conclusion of his guilt. While every fact is not required to be proved beyond a reasonable doubt, certain facts must be so proved, and it is not proper, after advising the jury that every fact need not be proved beyond a reasonable doubt, to direct a verdict of guilty if the jury believe, from the whole evidence, that the defendant is guilty, without informing them what facts must be proved beyond a reasonable doubt to authorize a verdict of guilty."

Finally, this conviction cannot be sustained for the reason that there is no evidence in the record to support a verdict that the defendant is guilty of the crime of receiving stolen property. Before there can be a conviction for receiving stolen property it must be shown (1) that the property has, in fact, been stolen by a person other than the one charged with receiving it; (2) that the one charged with receiving it has actually received the property stolen or aided in concealing it; (3) that the receiver knew that the property was stolen at the time he received it; and (4) that he received the property for his own gain or to prevent the owner from again possessing it. Granting that the evidence justifies the conclusion that the casings and tubes in question were, in fact, stolen and that they were found shortly thereafter in the possession of plaintiff in error, the presumption against plaintiff in error would be

that he stole them himself. One person cannot be both the thief and the receiver of the stolen property. He cannot receive stolen property from himself. (*People* v. *Ensor,* 310 Ill. 483.) There is no competent evidence in the record that he received these casings and tubes from some other person.

The judgment is reversed and the cause is remanded to the circuit court of Stephenson county for a new trial.

*Reversed and remanded.*

Mr. JUSTICE HEARD took no part in this decision.