THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES F. ISENBERG, Defendant-Appellee.

First District (3rd Division)   No. 76-627

Opinion filed August 24, 1977.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, of counsel), for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal by the State from an order quashing a search warrant and suppressing evidence seized pursuant to the execution of the warrant. Supreme Court Rule 604(a)(1), Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).

On December 6, 1975, Officer Paul Carroll of the Chicago Police Department filed a complaint for a warrant to search apartment 103 at 5054 North Winthrop Avenue, Chicago, and its occupant, the defendant James F. Isenberg. In his affidavit in support of the complaint Officer Carroll, who had been a police officer for eight years at the time, stated that he believed the defendant possessed and had under his control at his apartment a quantity of illegal narcotics. He averred that on November 24, 1975, he talked with a citizen who refused to identify himself. This individual said that he was looking for the person who had sold LSD to his brother, causing the latter to be hospitalized after taking the drug. The citizen informant was with his brother at the time of the purchase of the LSD, in apartment 103, at 5054 North Winthrop Avenue in Chicago. The citizen described the seller of the LSD as a white male, about 40 years of age. Officer Carroll convinced the citizen not to attempt to handle the situation personally, and Carroll began an investigation.

Officer Carroll talked with other members of the Chicago Police Department and residents of the building in which the defendant resided.

He learned that the defendant occupied apartment 103, that the defendant had frequent visitors and that he matched the description previously given by the informant. Examination of police files revealed that the defendant had an arrest record for narcotics offenses. Officer Carroll talked to other officers who also had been informed that illegal narcotics activity was taking place in the defendant's apartment.

Carroll then conducted numerous surveillances of the defendant's building and observed many known drug users enter and leave the building after a stay of four or five minutes. He continued the surveillances until the early morning hours of December 6, 1975, the day the search warrant was issued. In the course of the surveillance he spoke to a woman as she came out of the building. From her glassy eyes, the fact that she was swaying on her feet, and his experience as a police officer, he believed that she was then under the influence of drugs. The affidavit indicates that this woman told Carroll that she had purchased drugs, specifically "reds," in apartment 103, from "an older dude" and that she had been purchasing drugs from this same individual for the past month.

On the basis of Carroll's affidavit a warrant was issued for the search of apartment 103 and the person of the defendant. Pursuant to the execution of the warrant on December 7, 1975, Isenberg was arrested and charged with five counts of possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402), one count of possession of a hypodermic needle (Ill. Rev. Stat. 1975, ch. 38, par. 22—50), and theft of blank airline tickets (Ill. Rev. Stat. 1975, ch. 38, par. 16—1(d)(1)). The defendant moved to quash the search warrant and the Circuit Court granted the motion. The issue presented is whether the facts set forth in the affidavit in support of the complaint for the search warrant were sufficient to show probable cause.

A search warrant may be issued on the basis of hearsay information; nevertheless, the judicial officer issuing the warrant must be informed of "some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the [police] officer concluded that the informant * * * was 'credible' or his information 'reliable.'" (*Aguilar v. Texas* (1964), 378 U.S. 108, 114-15, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509.) Generally, the underlying circumstances demonstrating the reliability of an informant are shown by allegations of prior reliability of information given by an informant leading to the arrest and conviction of previous offenders. (See *People v. Ranson* (1972), 4 Ill. App. 3d 953, 282 N.E.2d 462.) The State contends, however, that the information provided to Officer Carroll on November 24, 1975, is not subject to the "prior reliability" requirement of *Aguilar* since the information was given by an ordinary citizen, rather than a professional police informant, and was, therefore, presumptively reliable.

In *People v. Hester* (1968), 39 Ill. 2d 489, 237 N.E.2d 466, *cert. denied,*

397 U.S. 660, 25 L. Ed. 2d 642, 90 S. Ct. 1408, our supreme court sustained a warrantless arrest for the murder of a school teacher based in part upon information provided by the defendant's teachers and a school clerk. There the court noted that the requirement of establishing prior reliability does not apply when the police act upon information supplied by ordinary citizens. In a subsequent decision the court applied the "ordinary citizen" rule to the warrantless arrest of a student as the result of anonymous information relayed to the police by school employees that the juvenile had a gun. (*In re Boykin* (1968), 39 Ill. 2d.617, 237 N.E.2d 460.) This decision emphasized, among other things, the "complete absence of any possible element of gain to the anonymous informant from furnishing false information * * *." (39 Ill. 2d 617, 619.) Recently the ordinary citizen rule was applied to a search warrant in a murder case wherein the court noted that the reliability of a citizen informant may be established by corroborating factors developed as the result of subsequent police investigation. *People v. Hammers* (1976), 35 Ill. App. 3d 498, 351 N.E.2d 471.

We reject the contention of the defendant that because the informant was seeking the seller of the drugs in order to revenge his brother's hospitalization, his reliability must be tested by the prior reliability standard developed since *Aguilar*. Absent any contrary indication from which we might conclude that the informant in this case was a professional police informant, we hold that he was an ordinary citizen and that the information which he supplied can be established as reliable by the corroborating facts developed by Officer Carroll's investigation of the defendant and the defendant's apartment building.

Our supreme court has recently addressed the principles to be applied in considering whether affidavits for search warrants can be said to establish probable cause:

> "In *Ventresca* [*United States v. Ventresca* (1965), 380 U.S. 102] the court said that 'the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the court's cases are to be followed and the constitutional policies served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts towards warrants would tend to discourage police officers from submitting their evidence to a judicial officer before acting.' [Citations.] * * * 'Although in a particular case it

may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.' [Citations.]" *People v. Thomas* (1975), 62 Ill. 2d 375, 380, 342 N.E.2d 383.

We view the present affidavit as indicative of the fact that Officer Carroll was sufficiently convinced of the credibility of what he was told by the informant insofar as he was persuaded to investigate further. The seller of the LSD to the informant's brother was described as a white male, about 40 years of age. The location of the sale was indicated as the apartment in which the defendant, a person matching the description given by the informant, resided. The fact that the defendant had frequent visitors who stayed only a matter of minutes suggested the possibility that these visitors were prospective and actual purchasers of illicit drugs. Further investigation also disclosed that other police officers had information concerning illegal narcotics trafficking in the defendant's apartment. Moreover, the check of police records revealed that Isenberg, a white male, 41 years old, had a history of narcotics arrests.

In *People v. Francisco* (1969), 44 Ill. 2d 373, 376, 255 N.E.2d 413, the court stated:

> "Probable cause means simply that the facts and circumstances within the knowledge of the affiant, and of which he had reasonable trustworthy information, were sufficient in themselves to warrant a man of reasonable caution to believe that the law was being violated and that evidence of it was in the premises or vehicle or on the person to be searched."

Affidavits for a search warrant are to be tested in a common sense and realistic fashion as the work product of police officers in the midst of criminal investigation. Officer Carroll's investigation activities, including his personal observations of activities on the subject premises, sufficiently established the reliability of the information provided to him by the informant and ultimately raised the evidence upon which he applied for the search warrant to the level of probable cause.

Accordingly, the judgment of the circuit court of Cook County quashing the search warrant is reversed and the cause is remanded to that court for further proceedings.

Reversed and remanded.

SIMON, P. J., and JIGANTI, J., concur.