THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN T. HILL, Defendant-Appellant.

First District (2nd Division)   No. 77-746

Opinion filed March 14, 1978.

James J. Doherty, Public Defender, of Chicago (Andrea D. Lyon and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and James V. Marcanti, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant, John T. Hill, was charged by indictment with the offense of delivery of a controlled substance (to wit: less than 30 grams of heroin), in violation of section 401(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b)). Upon a jury trial, defendant was found to be guilty as charged. Judgment was entered on the verdict and defendant was sentenced to serve a term of confinement of 1 to 5 years in the Illinois State Penitentiary.

From entry of the judgment of conviction defendant appeals and contends: (1) that the trial court erred in denying defense counsel's request for a sidebar conference; (2) that the trial court erroneously instructed the jury regarding the definition of circumstantial evidence; (3) that the prosecution improperly presented its case to the jury; and (4) that the evidence properly adduced at trial was insufficient to establish defendant's guilt beyond a reasonable doubt.

A review of such evidence establishes that at approximately 9 p.m. on October 13, 1974, Chicago police officers Richard Johnson and Willie Anderson were preparing to make a "controlled buy" of narcotics and, to this end, were maintaining an undercover surveillance of an apartment building located at 7420-7434 South Colfax Avenue in Chicago, Illinois. This complex was described as a three-storied, "U"-shaped building overlooking a central courtyard. Several entrances to the building front on the courtyard. Officers Johnson and Anderson testified that the object of their surveillance was the third-floor apartment to which access was to be gained from the building's center entrance. There was some dispute as to the street address of this entrance. At trial, Officer Johnson identified the address as 7426 South Colfax Avenue. At the preliminary hearing on this matter, Johnson stated that the address was 7450 South Colfax Avenue. It appears that the address listed on both the police report and the search warrant obtained by the officers was 7424 South Colfax Avenue.

The officers were assisted on this occasion by an informant identified as Ray Jefferson, also known as Roy Jefferson and Raymond Hilliard. Officer Johnson indicated that he had not met the informant before the night of the "controlled buy." Johnson also testified that he had previously received information concerning this investigation from another unidentified individual.

During the course of their 30-minute surveillance, the officers observed 6 or 7 people enter the center entrance and approach the third floor. Several of these people remained but a few minutes and then left the building. Officer Johnson testified that he recognized one such individual and knew him to have been arrested in connection with "narcotics."

Thereafter, Officer Anderson marked five $10 bills by initialing them in a corner and gave these bills to Officer Johnson. Both officers and the informant entered the center hallway of the courtyard building. Officer Johnson and the informant proceeded to the third-floor apartment. Johnson and the informant were admitted to the apartment and the informant told the occupant that Officer Johnson "wanted to make a buy." Johnson gave the occupant the previously marked bills and received a small tin foil packet in exchange. As Officer Johnson opened the packet the seller informed Johnson that "[i]t's really good stuff."

Officer Johnson identified defendant, John T. Hill, as the person from whom he purchased the tin foil packet and its contents. Hilliard did not testify at trial. Officers Johnson and Anderson drove to police facilities where they conducted a field test upon the substance contained in the packet. Defendant was arrested the following evening in the vicinity of 7450 South Colfax Avenue. No marked currency was recovered.

Robert Boese, a chemist and coordinator of the criminalistics division of the Chicago Police Department, testified that he performed various tests upon the substance contained in the packet purchased by Officer Johnson and concluded that the substance contained "ciacetyl morphine," commonly known as heroin.

Defendant did not testify in his own behalf. Defendant's sole witness was Michael Smith, an investigator from the Office of the Cook County Public Defender. Smith testified that he took photographs, introduced by defense counsel, showing the structure located at 7450 South Colfax Avenue and the courtyard building located at 7420-7436 South Colfax Avenue. On cross-examination, Smith indicated that he had taken additional photographs of the courtyard building. Smith testified that he could see no addresses on the building. On redirect examination, Smith stated that the addresses were on the building but that the addresses did not "show-up" on the photographs.

Defendant initially contends that the trial court erred in giving the jury a definitional instruction of circumstantial evidence since defendant maintains that only direct evidence was presented against him. The trial court advised the jury in accord with IPI Criminal Instruction No. 3.02 as follows:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

■■ Of itself, the instruction is innocuous. Defendant failed to establish that he suffered any prejudice in this regard, that the instruction was misleading or that it lead the jury improperly to speculate that there

were irrelevant facts proved which might authorize a conviction. (*People v. Williams* (1977), 52 Ill. App. 3d 81, 367 N.E.2d 167.) Indeed, Officer Johnson testified that he observed several visitors enter defendant's apartment building and remain for a matter of minutes, including an individual whom the officer believed was involved in narcotics. Such circumstantial evidence would suggest, albeit not conclusively establish, that these visitors were actual or prospective purchasers of illicit drugs. See *People v. Isenberg* (1977), 52 Ill. App. 3d 426, 367 N.E.2d 364.

Defendant also contends that the prosecution improperly elicited from Officer Johnson testimony to the effect that Johnson was qualified to conduct field tests to determine if a substance was heroin and that the officer had conducted such tests in the instant case. The officer's testimony that the test was for "heroin" and that it "came up positive" was stricken as an improper conclusion on the part of the officer and the jury was instructed to disregard these statements.

■■ It would appear that the Illinois Supreme Court had given its approval to testimony such as that in question. (*People v. Owens* (1969), 41 Ill. 2d 465, 244 N.E.2d 188.) In any case, the testimony of chemist Boese is unchallenged and sufficient to establish that the substance allegedly received by Officer Johnson from defendant was, indeed, heroin. In light of such testimony, any error which might conceivably arise from the introduction of the officer's testimony must be deemed harmless.

Defendant also contends that the prosecution improperly argued that the defense counsel had resorted to trickery and deception in order to attempt to free his client. In closing argument and with reference to the testimony of defense witness Michael Smith, the prosecution stated:

> "Now, what about the addresses, let's go into the addresses. Well, the Defense has told you about the photographs that were taken in the building.
>
> First of all, the defense brought out two photographs and they didn't show you all of the photographs, we had to bring those out for you and have the witness testify as to those photographs. So they were going to get by with these photographs and they didn't want you to see the close-up—
>
> Mr. Ptacek:—objection.
>
> The Court: Overruled.
>
> Mr. Schlesinger:—They were going to get by with these two photographs and they weren't going to let you see the close-ups of the building and the entrances. But we brought them out through their own investigator, that he had taken more than two photographs and he had taken seven and some are close-ups. When you look at those close-ups of the entrances and look above the

door, Ladies and Gentlemen, for the life of me I can't see the address on that building and I don't believe you can either, but I'll tell you, I don't believe that young man that testified about taking the photographs was lying. I don't believe he would come in here and say well, you can't see them in the picture, but they really are over the door."

The prosecution subsequently conceded that "there may very well be addresses on those buildings" but stressed that there was no dispute regarding the particular entrance used by the officers to gain access to the interior of the building and that the particular street address of the entrance was immaterial.

■■ Considered in this context, the prosecutor's comments merely served to underscore the obvious. Such comments do not necessarily impugn defense counsel's integrity. Nor may it be said that the jury's verdict would have been otherwise had the remarks in question remained unsaid.

Finally, defendant contends that the trial court erred in denying defense counsel's request for a sidebar conference during the course of trial proceedings. On appeal, defendant asserts that the purpose of his trial counsel's request was to challenge the prosecution's alleged failure to comply with certain pretrial discovery orders concerning the disclosure of an informant's identity.

During defendant's cross-examination of Officer Johnson three conferences took place outside the presence of the jury. During the last of these conferences, defense counsel advised the court that he wished to impeach Johnson by showing that the officer's testimony at trial concerning how long he had known the informant differed from his testimony at the preliminary hearing on this matter. The trial court explained that he would permit this line of inquiry but advised counsel that a proper foundation would be required to establish that the officer's testimony at the preliminary hearing referred to the same individual.

In response to defense counsel's questions, Johnson testified that he had received information concerning the case from an individual other than the person who had accompanied the officers on the evening the purchase was effected. Prior to trial, defendant filed a written motion for discovery which included, among other requests, the following:

"15. That the prosecution be ordered to compel any informants whom the State intends to keep the identity of a secret, to be brought to the court at any time, date or place out of the presence of the defendant and defense counsel to assert whether or not this informant does in fact exist. Further, that informants who are to be produced at any hearing or trial, be named and disclosed on the list of witnesses."

The State objected to paragraph 15. However, prior to trial, the identity of Raymond Hilliard was disclosed to defense counsel.

The State offers no explanation for its failure to acknowledge the existence of the unnamed informant. The State's conduct at this stage of the proceedings left much to be desired; by failing to acknowledge the existence of the informant the State not only frustrated the purposes of discovery, but became, in effect, the self-appointed arbiter of defendant's constitutional rights. In so doing, the State may invite reversible error. See *People v. Perez* (1974), 25 Ill. App.. 3d 371, 323 N.E.2d 399.

■■ We do not believe, however, that the instant error should be elevated to that category. There is no dispute and defendant does not assert that the unnamed informant was either a participant or a witness to the essential elements of the delivery. Nothing in the record suggests that he was so involved. He neither heard what was said at the time of the transaction nor observed what each participant did in completing it. It appears that the only connection of the unnamed informant to the instant appeal was that he assisted Officer Johnson regarding the location of Colfax Avenue where narcotics might be purchased. Since the informant was not present at the apartment at the time of the transaction, he cannot be deemed a crucial witness or source of information for the defense. *People v. Monroe* (1975), 32 Ill. App. 3d 482, 335 N.E.2d 783, *aff'd* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.

The testimony of Officer Johnson was clear, consistent and credible. No crucial elements of the State's case depended upon the unnamed informant. The evidence presented was sufficient to establish defendant's guilt beyond all reasonable doubt.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING and BROWN, JJ., concur.