THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* FRANCIS A. MITCHELL, Defendant-Appellee.

First District (3rd Division)    No. 77-887

Opinion filed May 31, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Julius Lucius Echeles and Carolyn Jaffee, both of Chicago, for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The defendant, Francis A. Mitchell, was charged in a two-count indictment with the murder of his former mother-in-law, Frances Krejci. (Ill. Rev. Stat. 1971, ch. 38, pars. 9—1, 9—1(a)(2).) The Circuit Court of Cook County granted the defendant's pretrial motion to quash a search

warrant and suppress the evidence seized pursuant to the warrant. The State appeals under Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)) and contends that the trial court improperly allowed the motion to quash and suppress the warrant on the grounds of lack of probable cause and lack of specificity of the property to be seized.

The search warrant was issued at 11:10 p.m., June 9, 1973, upon the complaint of Officer Michael Ochsner of the Berwyn Police Department. The warrant authorized the search of the defendant's home in Bartlett, Illinois, and directed the seizure of "any clothing, weapons, instruments, articles or contraband which have been used in the commission of or which constitute evidence of the offense of murder." The warrant was executed by Officer Ochsner and the inventory was returned by him on June 10, 1973. The property seized consisted of a 1973 Ford automobile, a desk calendar, and a bag of clothing.

The complaint for the search warrant set forth the following statement as probable cause for the officer's belief that the items described by the warrant were to be found in the defendant's home:

"On June 9, 1973, at approximately 11:22 A.M., the Berwyn Police Dept. was contacted by Mildred Mitchell of Bonita Springs, Florida and asked to investigate the welfare and condition of her mother, Frances Krejci, of 3622 South Cuyler, Berwyn, Illinois. Mildred Mitchell stated that her [*sic*] and her father had been brutally assaulted this morning by Miss Mitchell's ex-husband, Frank Anthony Mitchell. I, Officer Michael Ochsner, was assigned to investigate this call. Upon arrival at 3622 South Cuyler, Berwyn, Illinois, I was met by Lillian Beranck, a friend of Mrs. Krejci, who stated that she was expected for lunch but was unable to obtain a response from Mrs. Krejci. Two neighbors at the scene also confirmed that Mrs. Krejci had not been seen since Thursday evening, June 7, 1973, and that their attempts to arouse her were unsuccessful. At this point, I and Sgt Ahr made a forceable [*sic*] entry of the premises with the assistance of the Berwyn Fire Dept. Upon entry, I discovered the victim, Frances Krejci, lying at the bottom of a staircase in the hallway. She had severe head wounds. No weapon was found at or near the scene of the crime. Frances Krejci was pronounced dead at 12:24 pm, June 9, 1973, by Dr. Santiago of the McNeal Memorial Hospital Staff. At this time, Mildred Mitchell telephoned the premises and was appraised [*sic*] of the condition of her mother. Miss Mitchell stated, "You gotta get my ex-husband, Frank Mitchell." Miss Mitchell further related that Frank Mitchell had attacked her and her father with a hammer in her home in Bonita Springs, Florida at apprx. 4:15 am on this date (June 9, 1973). She further stated that she telephoned Frank

Mitchell at his home in Bartlett, Illinois at 11:30 am this date (June 9, 1973) and found him to be home. She then provided us with the address of Frank Mitchell (465 South Oak Glenn Drive, Bartlett, Illinois). Based upon the facts as set out in this complaint and the strong similarity of this crime and the crimes in Florida, I believe a search of these premises will reveal evidence of this crime."

At the conclusion of counsel's argument at the hearing on the motion to quash and suppress, the trial court commented that one could conclude from the complaint for the warrant that the defendant was a "prime suspect" in the murder, but that one could not conclude that the defendant's home should be searched. The court granted the motion on the grounds that probable cause to search the premises had not been established and that the warrant lacked sufficient specificity in its description of the property to be seized.

The State contends that the complaint for the search warrant established probable cause in that it demonstrated a connection between the attack complained of by the daughter and the situation observed by the officer while investigating the whereabouts of the victim. The State maintains that this is sufficient to reasonably conclude that the defendant perpetrated an offense and that evidence of the offense would be found in the defendant's home. The State further argues that the property designated for the seizure was described with sufficient particularity to establish proper limits to the search. In support of this argument the State points to the nature and circumstances which were involved in the offense, particularly the facts known to the investigating officer and the fact that this officer also secured and executed the search warrant.

In response to the State's contentions, the defendant argues that the complaint for the warrant failed to demonstrate that an offense had been committed. It is his view that the complaint merely alleges facts which are consistent with an accidental death. Furthermore, the defendant notes that the officer requesting the search warrant merely indicated a belief that evidence of a crime would be found at his home and that the complaint stated no facts which would indicate the presence of such evidence. In short, the warrant is alleged to have permitted the executing officer to undertake a "fishing expedition."

■■■ Section 108—3 of the Code of Criminal Procedure of 1963 sets forth the requirements for the issuance of a search warrant:

"Upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized, any judge may issue a search warrant for the seizure of the following:

(a) Any instruments, articles or things which have been used in

the commission of, or which may constitute evidence of, the offense in connection with which the warrant is issued." (Ill. Rev. Stat. 1977, ch. 38, par. 108—3(a).)

Probable cause is present when the facts and circumstances within the personal knowledge of the affiant, and of which the affiant has reasonably reliable information, are sufficient to warrant a person of reasonable caution to believe that a crime has been committed and that evidence of such crime can be found at the premises to be searched. (*People v. Francisco* (1970), 44 Ill. 2d 373, 255 N.E.2d 413; *People v. Isenberg* (1977), 52 Ill. App. 3d 426, 367 N.E.2d 364.) Whether the information supplied by the affiant is sufficient to sustain such belief is to be measured by a common sense and realistic approach; all effort should be made to avoid hypertechnical interpretations and doubtful cases should be determined largely by the preference which the law accords to warrants. *People v. Thomas* (1975), 62 Ill. 2d 375, 342 N.E.2d 383; *People v. McGrain* (1967), 38 Ill. 2d 189, 230 N.E.2d 699.

■■ When viewed in the light of these principles, the complaint in this matter supports our conclusion that probable cause did exist for the issuance of the search warrant. It is significant to note that the officer who investigated the welfare of the victim and observed the crime scene is the same individual who secured and executed the warrant. The information he obtained firsthand and that supplied by the telephone conversations with the victim's daughter regarding the brutal attacks on her and her father by the defendant in Florida would lead to the conclusion that the defendant had also attacked the decedent. The element of opportunity was adequately supplied by the information that the defendant had returned to his Illinois home. Furthermore, it was reasonable to conclude that evidence of an offense against the deceased would be found in the home of the defendant. There was only a matter of hours between the defendant's alleged attack upon his former wife and his father-in-law in Florida, the finding of the victim's body in Illinois, and the information that the defendant was at his home in Illinois. *People v. Hammers* (1976) 35 Ill. App. 3d 498, 341 N.E.2d 471, *cert. denied* (1976), 429 U.S. 1002, 50 L. Ed. 2d 614, 97 S. Ct. 534.

With respect to the sufficiency of the description of the property subject to seizure as evidence of the offense of murder, we note that detailed description of the items was not possible under the circumstances here involved. Characterization of the items in more general terms was sufficient in light of the nature of the case. Under such conditions, precise description necessarily yields to the concerns inherent in the need for obtaining available evidence as soon as possible before there is an opportunity for its destruction or alteration. Thus, the general description of the items' characteristics is inappropriate where

particularity is known to the investigative authorities. (See *People v. Holmes* (1974), 20 Ill. App. 3d 167, 312 N.E.2d 748—gun known to be involved in offense whereas the warrant simply called for the seizure of a "weapon.") The specificity requirement permits wider latitude in describing items which cannot be known except by characterization and reference to a given offense. (See *People v. Curry* (1973), 56 Ill. 2d 162, 306 N.E.2d 292—officer directed to seize materials dealing with a "call girl" operation.) The command of the search warrant in this case was not so broad as to have sanctioned a "fishing expedition." Limited by reference to the offense of murder, and further limited in fact by the information contained in the complaint and found at the scene of the alleged offense, information which the executing officer was aware of, the warrant sufficed in compliance with the requirement that the items subject to seizure be particularly described.

Accordingly, the judgment of the Circuit Court of Cook County granting the motion to quash the search warrant and suppress the evidence seized pursuant thereto is reversed and this cause is remanded to that court for further proceedings.

Reversed and remanded.

JIGANTI, P. J., and McNAMARA, J., concur.