THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JOHN RAICEVICH, Defendant-Appellee.

Third District   No. 77-335

Opinion filed June 21, 1978.—Rehearing denied July 27, 1978.

Fred R. Odendahl, State's Attorney, of Monmouth, for the People.

Craig Collins, of Barash & Stoerzbach, of Galesburg, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:
The State appeals from an order suppressing evidence found in the apartment of defendant during a search pursuant to a search warrant.

The complaint and affidavit made by Gary Phillips, an Illinois State Police officer, upon which the search warrant was issued, set forth that on November 18, 1976, Phillips was introduced to the defendant by a man who had previously purchased a stolen handgun from defendant. Phillips was shown numerous handguns which defendant offered to sell to him. While being shown a Colt Python handgun, 357-caliber, 2½" barrel, serial no. 33086E, Officer Phillips asked the defendant if the gun was stolen, and

Raicevich replied that it probably was and that he could make no guarantees. At this time the defendant produced other handguns as well as a list of additional handguns which he offered to sell to Phillips. While present in defendant's apartment and posing as a prospective purchaser, Phillips was able to note the description and serial number of one of the five handguns he was shown, but he did not have the opportunity to obtain a more particular description of the other handguns because of the risk of discovery by defendant. Phillips learned that the Colt Python above described as well as other handguns had been stolen from the Gibson Discount Center in Galesburg, Illinois, on August 19, 1976. Based upon this complaint and affidavit, Judge Stephen G. Evans issued a search warrant commanding the search of Raicevich and his residence and the seizure of "a Colt Python handgun 357-caliber, 2½" barrel, blue finish, serial no. 33086E and any other handguns which may be stolen."

Among the items seized were 12 handguns, 11 of which were quickly confirmed as stolen, and a quantity of cannabis. An information was subsequently filed charging Raicevich with felony theft. Upon the defendant's motion to suppress the evidence seized pursuant to the execution of the search warrant, the trial court suppressed all handguns seized, except the Colt Python handgun identified by serial number and the cannabis. From this ruling the State filed an appeal pursuant to Supreme Court Rule 604, and thereafter, the defendant filed a cross-appeal seeking to suppress the Colt Python on the ground that it was unlawfully seized as a part of an unreasonable and unlawful general search of defendant's premises.

The fourth amendment to the Constitution of the United States provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched, and the persons or *things to be* seized." (Emphasis added.) U.S. Const., amend. IV.

Section 6 of article 1 of the Constitution of the State of Illinois provides as follows: "The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit *particularly* describing the place to be searched and the persons or *things to be seized.*" (Emphasis added.) Ill. Const. 1970, art. 1, §6.

Section 108—7 of the Code of Criminal Procedure of 1963 provides as follows: "The [search] warrant shall command the person directed to execute the same to search the place or person particularly described in

the warrant and to seize the instruments, articles or *things particularly described* in the warrant." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 38, par. 108—7.

Raicevich submits that the failure to particularize the items to be seized converted the search into a general one, and accordingly violated the fourth amendment. We do not agree, although we recognize that the property must be identified sufficiently to prevent a mere roving commission and search.

■■ General search warrants are, of course, prohibited by the fourth amendment. *Andresen v. Maryland* (1976), 427 U.S. 463, 49 L Ed. 2d 627, 96 S. Ct. 2737; *Marron v. United States* (1927), 275 U.S. 192, 72 L. Ed. 231, 48 S. Ct. 74.

"[T]he problem [posed by the general warrant] is not that of intrusion *per se*, but of a general, exploratory rummaging in a person's belongings. * * * [The fourth amendment addresses the problem] by requiring a 'particular description' of the things to be seized." (*Coolidge v. New Hampshire* (1971), 403 U.S. 443, 467, 29 L. Ed. 2d 564, 583, 91 S. Ct. 2022, 2038.) This requirement " '* * * makes general searches * * * impossible and prevents the seizure of one thing under a warrant describing another. * * *' " (*Stanford v. Texas* (1965), 379 U.S. 476, 485, 13 L. Ed. 2d 431, 437, 85 S. Ct. 506, 512.) In *Coolidge*, the court went further, "The initial intrusion may, of course, be legitimated not by a warrant but by one of the exceptions to the warrant requirement, such as hot pursuit or search incident to lawful arrest. But to extend the scope of such an intrusion to the seizure of objects—not contraband nor stolen nor dangerous in themselves * * * would fly in the face of the basic rule * * *." (403 U.S. 443, 471, 29 L. Ed. 2d 564, 586, 91 S. Ct. 2022.) The facts in the instant case, that is, stolen guns come within the exception noted in *Coolidge*.

■■ Thus the fundamental issue before us is whether the generic description "and any other handguns which may be stolen" is sufficient under the circumstances to comply with the fourth amendment and the Illinois Constitution and statute. Defendant relies on *People v. Prall* (1924), 314 Ill. 518, 523, 145 N.E. 610, in which the supreme court quashed a search warrant describing the property to be seized as " 'certain automobile tires and tubes.' " The court commented there was no effort to identify the tires and tubes in question by name, number, color, size or material. Defendant also cites *People v. Holmes* (1st Dist. 1974), 20 Ill. App. 3d 167, 168, 312 N.E.2d 748, in which the search warrant described the property to be seized as "an undetermined amount of United States Currency and the weapon used in the armed robbery of the Kroger Food Store * * * in the City of Chicago Heights." The court held both identifications were inadequately particularized. We disagree with

defendant's qualification of the description of the property contained in the warrant and do not take *Prall* and *Holmes* as controlling. Here the handguns to be seized were not just *any* handguns but stolen handguns which defendant had previously so described. The qualifying word limits the scope of the property to be seized and curtails the discretion of the officers executing the warrant. Furthermore, the search was limited to a particular premise upon which the officers could reasonably believe a handgun theft operation was being conducted. See *People v. Miller* (5th Dist. 1975), 36 Ill. App. 3d 542, 345 N.E.2d 1.

The decisions of the Supreme Court provide basic guidance as to when a generic description is sufficient. In *Steele v. United States, No. 1* (1925), 267 U.S. 498, 69 L. Ed. 757, 45 S. Ct. 414, the Supreme Court, citing *Elrod v. Moss* (4th Cir. 1921), 278 F. 123, announced that "the description [of] 'cases of whiskey' is quite specific enough to uphold a search warrant."

Since *Steele*, the Supreme Court has only indirectly confronted the constitutional propriety of generic descriptions. When the issue has been raised, it has been in the context of the first amendment where free speech issues predominate.

Defendant relies upon *Stanford v. Texas* (1965), 379 U.S. 476, 13 L. Ed. 2d 431, 85 S. Ct. 506, where a search warrant was issued under a Texas statute to seize "books, records, pamphlets, cards, receipts, lists, memoranda, pictures, recordings and other written instruments concerning the Communist Party of Texas, and the operations of the Communist Party in Texas * * *." (379 U.S. 476, 478-79, 13 L. Ed. 2d 431, 433, 85 S. Ct. 506, 508.) The warrant was found to be general and hence invalid. This case is distinguishable in that it concerned first amendment rights. The test of particularity of the warrant is much more strict when first amendment rights are involved than in other incidents of search warrants. (*Stanford; United States v. Scharfman* (2d Cir. 1971), 448 F.2d 1352, *cert. denied* (1972), 405 U.S. 919, 30 L. Ed. 2d 789, 92 S. Ct. 944.) *Stanford* has been particularly distinguished on this point—that the books were seized for the ideas they contained and hence first amendment rights were involved. In the present case no first amendment rights were involved and hence a lesser requirement of particularity in the descriptions in the warrants is required.

The Supreme Court said in *Stanford* that the particularity requirement of the fourth amendment has to be observed with the "most scrupulous exactitude when the 'things' are books, and the basis for their seizure is the ideas they contain." (379 U.S. 476, 485, 13 L. Ed. 2d 431, 437, 85 S. Ct. 506, 511.) The present case involves stolen handguns, and the basis for the seizure has nothing whatever to do with ideas. The situation is no different from that of furs stolen from an interstate shipment described in *United States v. Scharfman* (2d Cir. 1971), 448 F.2d 1355, where Judge

Kaufman, speaking for the panel in upholding a warrant authorizing seizure of "fur coats, stoles, [and] jackets * * *," pointed out that when first amendment rights are not involved, the specificity requirement is more flexible. The circumstances surrounding the *Scharfman* warrant offered no greater guarantee than did the circumstances here that only properly seizable items would be impounded by the officers. One coat in the stores to be searched in *Scharfman* had been positively identified by an employee of the shippers whose furs had been hijacked, corroborating a tip which located the shipments at the fur stores in question. Here, one gun, which was to be purchased from defendant by Phillips, had been determined to be stolen. Officer Phillips was able because of his experience in the field and because of defendant's own statement, to make a visual estimate that numerous other stolen guns were also on the premises of defendant.

We see no reason for ruling out after-the-fact verification of the guns as stolen so long as initial identification on some practical basis is possible. Here the officers had a list of stolen guns to assist them in verifying the true nature of the object seized. There is little to distinguish the decisional process here from that required of the officers who are told to seize heroin or other narcotics. Search warrants are issued every day authorizing officers to search for counterfeit money, betting paraphernalia, and the like, all items requiring some discernment, and even after-the-fact testing, but having, at bottom an objective basis for recognition. We see no difference here. Compare *United States v. Drebin* (9th Cir. 1977), 557 F.2d 1316 (no evidence that legal and illegal films could be distinguished by visual inspection).

In *Vitali v. United States* (1st Cir. 1967), 383 F.2d 121, 122, a search and seizure of stolen watchbands was sustained. The court said that "where goods are of a common nature and not unique there is no obligation to show that the one sought (here a substantial quantity of watchbands) necessarily are the ones stolen, but only to show the circumstances indicating this to be likely, * * *. The allegedly stolen merchandise is 'particularly described' in such instances even when generic."

■■ We believe the phrase "and any other handguns which may be stolen" adequately particularized the items seized. When circumstances such as presented in this case make an exact description of items a virtual impossibility, the searching officer can only be expected to describe the generic class of items he is seeking. See *Jones v. United States* (5th Cir. 1969), 416 F.2d 467, *cert. denied* (1970), 397 U.S. 907, 25 L. Ed. 2d 87, 90 S. Ct. 902.

On cross-appeal defendant argues that the Colt Python gun should also be suppressed because the manner in which the warrant was executed rendered the search illegal and required the suppression of all the items

seized, including the Colt Python. We believe this issue is not properly before the reviewing court because it was waived in the trial court. The record verifies that defendant's counsel expressly agreed to exclude the Colt Python from his motion to suppress.

Even if defendant did not waive this issue, we would reject his argument. He relies upon *People v. Kimmel* (1966), 34 Ill. 2d 578, 216 N.E.2d 786, in support of his contention that a search pursuant to a warrant may be unreasonable and unconstitutional if it exceeds the scope of the search by seizing items not named in the warrant. However, *Kimmel* involved the suppression of 1500 allegedly obscene books and magazines which were seized during the search of a bookstore pursuant to a warrant naming only four books. The Supreme Court of Illinois expressly stated that the protection of the first amendment places obscene literature in a different category from other forms of contraband and that "the standards applicable to other types of contraband can not govern the search and seizure of allegedly obscene materials." (34 Ill. 2d 578, 582-83, 216 N.E.2d 786. See also *Stanford v. Texas; Marcus v. Search Warrant* (1961), 367 U.S. 719, 6 L. Ed. 2d 1127, 81 S. Ct. 1708.) The stringent requirements of *Kimmel* are thus expressly limited to the seizure of publications protected by the first amendment and are not applicable here.

For these reasons we affirm the judgment of the Circuit Court of Warren County refusing to suppress the Colt Python handgun and the seized cannabis. We reverse the suppression of the other handguns and the cause is remanded for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part, and cause remanded with directions.

BARRY, P. J., and ALLOY, J., concur.