THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KEITH B. ALLBRITTON, Defendant-Appellee.

Third District   No. 3—86—0108

Opinion filed December 17, 1986.

William Herzog, State's Attorney, of Kankakee (Gary F. Gnidovec, of
State's Attorneys Appellate Service Commission, of counsel), for the People.

Michael J. Kick, of Kankakee, and Stephen Omolecki, of State Appellate
Defender's Office, of Ottawa, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The State appeals from the order of the trial court granting the
motion of the defendant, Keith B. Allbritton, to quash a search warrant and suppress evidence. We affirm.

On October 19, 1985, prior to the defendant's indictment for residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3(a)), the State
was granted a warrant to search the defendant's residence for "jewelry, chains, cuff-links, sweater-closers and diamonds." The warrant
was granted upon a complaint supported by the affidavit of Bradley
police officer James Greenstreet.

In his affidavit, Officer Greenstreet stated that on October 18,

1985, the victim's residence was burglarized and according to the victim, an "RCA video recorder, some loose diamonds, assorted jewelry, chains, cuff-links, sweater-closers, and U.S. currency" were stolen. Officer Greenstreet further stated that according to the codefendant, on October 18 he and the defendant burglarized the victim's residence and the defendant took home "some of the stolen jewelry and money."

Upon execution of the warrant, officers seized the following jewelry from the defendant's residence: a gold class ring, a gold earring, a pearl necklace, a gold-colored chain necklace, and a gold chain. They also seized a pocket notebook and papers, a cable television converter, an Ohaus scale, four containers of plantlike material, and a plastic bag containing white powder. The defendant moved to quash the warrant and suppress the evidence seized.

In granting the defendant's motion, the court found that the defendant correctly alleged that the search warrant inadequately described the items to be seized. The State appeals from the court's suppression order, arguing that the court improperly evaluated the search warrant and complaint in a "hypertechnical" manner and relied upon immaterial and irrelevant considerations. More specifically, the State first argues that the court improperly characterized "jewelry" as "generic" and considered that "chains" could refer to a variety of items, including "articles applied to automobile tires, fence components, door locks and swings." Secondly, the State argues that it was manifest error for the court to consider that the officers seized none of the more specifically described items in the complaint: cuff links, sweater closers, and diamonds. Thirdly, the State argues that the court incompetently relied upon the facts that the police might have been able to more particularly describe the stolen jewelry and that at the time of the suppression hearing, none of the jewelry seized had been identified as stolen. The State advances no argument concerning the non-jewelry seizures, and we do not discuss those seizures.

■ Together, the United States and Illinois constitutions and Illinois legislation require that a search warrant both particularly describe items to be seized and be supported by an affidavit particularly describing the items to be seized. (U.S. Const., amend. IV; Ill. Const. 1970, art. I, section 6; Ill. Rev. Stat. 1985, ch. 38, par. 108—7.) "A minute and detailed description of the property to be seized is not required [in the warrant], but the property must be so definitely described that the officer making the search will not seize the wrong property. *** [Also, the warrant should give the executing officer] in-

formation by which he could select certain property within the description in the warrant and refuse to take other property equally well described in the warrant." (*People v. Prall* (1924), 314 Ill. 518, 523, 145 N.E. 610, 612.) A general description of the items to be seized is inappropriate where particularity is known to the investigative authorities. *United States v. Cook* (5th Cir. 1981), 657 F.2d 730; *People v. Mitchell* (1978), 61 Ill. App. 3d 99, 377 N.E.2d 1073; *Namen v. State* (Alaska App. 1983), 665 P.2d 557.

■ Courts make case-by-case determinations of whether a warrant satisfies requirements of particularity. In *People v. Prall* (1924), 314 Ill. 518, 522-23, 145 N.E. 610, the court held the description "certain automobile tires and tubes" to be too indefinite. Similarly, in *People v. Holmes* (1974), 20 Ill. App. 3d 167, 172, 312 N.E.2d 748, both the description "an undetermined amount of United States Currency" and "the weapon used in the [specified] armed robbery" were held insufficiently definite for constitutional purposes. In contrast, in *People v. Mitchell* (1978), 61 Ill. App. 3d 99, 100, 102-03, 377 N.E.2d 1073, "any clothing, weapons, instruments, articles or contraband which have been used in the commission of or which constitutes evidence of the offense of murder" was held a sufficient description. Similarly, in *People v. Raicevich* (1978), 61 Ill. App. 3d 143, 144, 377 N.E.2d 1266, we upheld seizure of 12 handguns upon a warrant authorizing seizure of one handgun very precisely described "and any other handguns which may be stolen."

In the instant case, we consider the particularity of the description in the affidavit and the search warrant, the additional detail that reasonably could have been provided under the circumstances, and the extent to which such additional details would have guided the officers executing the warrant. We conclude that the warrant was properly quashed.

Initially, we note our agreement with the State that in their context, the warrant's references to "chains" are sufficiently clear references to jewelry rather than references to industrial materials. Nevertheless, we do not find "hypertechnical" the trial court's conclusion that "jewelry" and "chains" were insufficient descriptions to support seizure. Even if we assume *arguendo* that those warrant descriptions were modified by the information in the affidavit to read "stolen jewelry" taken from the victim, the warrant could provide little guidance to officers executing the search. It revealed nothing about the physical appearance or condition of the property sought and provided no basis upon which executing officers could determine what specific pieces of jewelry at the defendant's residence were included in or ex-

cluded from the scope of the warrant.

Further, the instant circumstances do not justify reliance upon the generic description in the affidavit and warrant. Prior to seeking the warrant, Officer Greenstreet discussed the burglary with the victim and the codefendant. Those two sources each had detailed knowledge of the relevant stolen items so that description of the stolen jewelry was neither impossible nor impracticable.

Jewelry and jewelry chains are not inherently identifiable as contraband. Also, those categories encompass a wide variety of items which are commonly found in homes. Chains may be of many different lengths, materials, and styles; and other forms of jewelry, such as rings, pins, tie holders, hair ornaments, watches, bracelets, or necklaces have innumerable specific designs.

We do not find that constitutional and statutory provisions mandate that warrants or their supporting affidavits describe jewelry and jewelry chains with such detail that, for example, a jeweler could make an informed, unviewed purchase of such items based upon their warrant description. Nevertheless, under these circumstances we find that the instant warrant was insufficiently particular. Here, the challenged general descriptions, "jewelry" and "chains," are unspecific and described items that are commonly kept in residences. (See *Namen v. State* (Alaska App. 1983), 665 P.2d 557.) As aforesaid, the items to be seized were not inherently identifiable as contraband. (*Cf. People v. Hicks* (1977), 49 Ill. App. 3d 421, 364 N.E.2d 440.) No evidence suggested that all the jewelry and jewelry chains at the defendant's residence were expected to be connected to the instant burglary or some other offense. (*Namen v. State* (Alaska App. 1983), 665 P.2d 557; *cf. People v. Raicevich* (1978), 61 Ill. App. 3d 143, 377 N.E.2d 1266.) Lastly, detailed descriptions of the specific items sought by the authorities were readily available. *Namen v. State* (Alaska App. 1983), 665 P.2d 557; *cf. People v. Raicevich* (1978), 61 Ill. App. 3d 143, 377 N.E.2d 1266; *People v. Mitchell* (1978), 61 Ill. App. 3d 99, 377 N.E.2d 1073.

The warrant was properly quashed. The fact that no cuff links, sweater closers, or diamonds were seized under it is irrelevant to our determination.

Based on the foregoing, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.